## RUSH v. AIKEN MFG. CO.

1. TRESPASSER.—A LANDLORD making forcible entry after expiration of lease cannot be held as a trespasser *ab initio* on the lands entered. *Johnson* v. *Hannahan*, 1 Strob., 313, and *Sharp* v. *Kinsman*, 18 S. C., 108, criticised.

2. BAILOR AND BAILEE.—The doctrine of bailor and bailee cannot apply where a landlord, after expiration of lease, forcibly enters and throws out the goods of his tenant.

Before TOWNSEND, J., Aiken, October, 1899.    Reversed.

Action by Mary Rush and Nathaniel Rush against Aiken Manufacturing Co. and William Birmingham. From judg-

ment on verdict for plaintiff, defendants appeal on following exceptions:

1st. That his Honor erred, it is respectfully submitted, in charging the jury, that even if they found that the tenancy of the plaintiff had ended, and they had left the premises and gone away and left it locked, yet if they had the key of the premises, the defendant as owner and landlord would have no right to enter the premises by using force to do so, or could not enter at all, in that it is submitted that the law of South Carolina plainly is that a landlord after the termination of a tenancy cannot be made liable as a trespasser on the real estate because of the use of force in making the entry, or because he makes entry.

2d. That his Honor erred, it is respectfully submitted, in charging upon the facts and in invading the province of the jury in the illustrations that he made to the jury—such as when he supposed that the plaintiff, Mrs. Rush, had the key when she left, and that the house was locked and fastened, for one of the main contentions in the case was that the back door was unlocked and the house unfastened.

3d. That his Honor erred, it is respectfully submitted, in charging upon the facts and in invading the province of the jury, in conveying to them his opinion as to the defendant acting hastily and improperly when he charged the jury, "the law can't be enforced by electricity, the law can't be enforced by motive power * * * he can't act by electricity."

4th. That his Honor erred, it is respectfully submitted, in charging in substance that if a tenancy has terminated, and a tenant has left the premises, the landlord must wait a reasonable time before entering, and that if there is any right asserted against the landlord, he must not enter, but must apply to the law to adjudicate the same; in other words, "if there is any right asserted, he must stop.  If there is any right asserted, the law says stop, I must adjudicate that right;" whereas, it is submitted, that the law is that the landlord has the right to enter even if he has to use force in doing so.

5th. That his Honor erred, it is respectfully submitted, in charging the jury that it is the law that where a tenancy is vacated and the tenant gone, and the landlord has entered upon his own premises, and has not seized the personal effects of tenant found upon the premises for rent or any charge against such personal property, that still the relationship of bailor and bailee arises as to such personal property, and that such landlord assumed liabilities as bailee of such personal property; whereas, it is respectfully submitted, that under such circumstances no relation of bailor and bailee arises between such tenant and landlord as to such personal property found upon the landlord's premises.

6th. That his Honor erred, it is respectfully submitted, in refusing to charge the defendant's first request, as follows: "It is alleged in the complaint that at the time in question the plaintiffs were in the lawful possession of the tenant house in question, and that the defendant by force unlawfully entered the same and removed therefrom certain goods. The jury is charged that the law in South Carolina is, that if a 'tenancy' has terminated (and that is a question in this case for the jury to ascertain from the evidence), the landlord cannot be made liable in damages as a trespasser for entry upon his land or in his houses, because of the use of force in making such entry, or because of removing goods therefrom. He may be held liable criminally for committing a breach of the peace, but he cannot be held liable civilly for entering upon his own premises and taking possession, if the 'tenancy' of his tenant had ceased; and the jury is charged if they find that the agent of the Aiken Manufacturing Company entered into the house in question and removed the goods, and that at that time the 'tenancy' of the tenant had terminated, then the Aiken Manufacturing Company had the right to enter, and they are not liable for removing the goods;" in that, it is submitted, said request to charge contained proper propositions of law, and should have been charged.

7th. That his Honor erred, it is respectfully submitted, in

charging the plaintiffs' first request to charge and what he added thereto, as follows: "The plaintiffs ask me to charge this: 'That if the jury find that the plaintiff, Mary Rush, went into possession of the house of the defendant company as tenant lawfully, that is, by and with the consent of the defendant company or its authorized agents, and without process or notice to the plaintiff, the defendant company, by its authorized agents or servants, went to said house and forcibly or otherwise entered it, and removed the household goods and chattels of the plaintiff therefrom into the street, then the defendant company violated the law and the rights of the plaintiff, and is liable to the plaintiff in damages, if nothing else is shown, for such unlawful acts.' I charge you that, have charged you that. There must be reasonable notice; what is reasonable notice—I mean reasonable inquiry. Something to ascertain whether a right is asserted or not. And if there is a right asserted, then the law must determine. Process of law must be taken out;" in that, it is submitted, that said request to charge is contrary to what is the law, and especially is what his Honor added thereto contrary to the law, for process of law need not be taken out if· the tenancy has terminated.

*Messrs. Hendersons,* for appellant, cite: *Landlord may enter by force after expiration of lease without committing trespass:* 32 S. C., 431; Rev. Stat., 1939.

*Messrs. J. R. Cloy* and *G. W. Croft & Son,* contra, cite: · *As to construction of charge:* 37 S. C., 368; 29 S. C., 4, 34; 37 S. C., 335; 40 S. C., 383; 41 S. C., 440; 47 S. C., 517; 55 S. C., 569. *Duty of landlord to ascertain if any claim of possession is set up by tenant before entry:* 18 S. C., 114; Rev. Stat., 2423; 41 Ill., 27; 106 N. C., 494; 3 Rich. L., 349. *And if he·enter forcible and without notice to tenant, he is liable in damages:* 119 U. S., 608; 19 A. L. R., 540; 22 Stat., 791.

July 7, 1900.   The opinion of the Court was delivered by

Mr. Justice Gary. The first paragraph of the complaint herein alleges the corporate existence of the defendant, its ownership, control and operation of a large cotton factory in the town of Bath; also its ownership of other real estate in said town, consisting of a large number of tenement houses, which are rented to the operatives who work in said cotton mill. The second paragraph alleges that Mary Rush was the owner of the personal property hereinafter mentioned, and that she and her husband were in lawful possession of one of the tenement houses, occupying the same as a dwelling. The other allegations of the complaint necessary to understand the questions raised by the exceptions are as follows: "III. That on the 30th day of November, A. D. 1898, while the said plaintiff was in lawful possession of the said house as aforesaid, and occupied the same as a dwelling, and where the said household goods and furniture were kept, and while plaintiff was temporarily absent from home, the said defendant, the Aiken Manufacturing Company, wilfully, wrongfully, unlawfully, maliciously, and in a high-handed manner, caused plaintiff's said dwelling house to be broken by its codefendant and agent, William Birmingham, and unlawfully and recklessly seized the said household goods of the plaintiff, Mary Rush, and then and there, without authority or any notice whatever to either of the plaintiffs, wantonly, recklessly, wrongfully, maliciously and in a high-handed manner, caused the said household goods and furniture to be put out and into the public street of the said town of Bath, and in the face of the gaze, ridicule and gibes of the public, placed them down in a wet and muddy place, and there left them unprotected. IV. That by reason of the facts above set forth, the plaintiff was left without a home, was greatly delayed in the effort to get her said household goods removed to a safe place, that the goods were by the acts of the defendants badly injured by being saturated with kerosene oil, broken and thrown in the mud. V. That the acts of the defendants were high-handed, unlawful and malicious, and greatly outraged plaintiff's feelings and laudable

pride, and exposed her to the gibes, taunts and ridicule of the public, for all of which acts and grievances aforesaid, plaintiff, Mary Rush, has been damaged in her property, injured in her person and feelings to her damages in the sum of $3,000."

His Honor, the presiding Judge, in his charge to the jury, used the following language: "You will understand this complaint contains two causes of action—one for breaking her house and the other for damaging her property—and really there is another for damage to her feelings, those two are not separated." The jury rendered a verdict in favor of the plaintiff for $500. The defendants appealed upon exceptions which will be set out in the report of the case.

The practical question raised by the first, fourth, sixth and seventh exceptions is whether there was error on the part of the Circuit Judge in charging the jury that even if the tenancy had terminated, the defendant did not have the right to use violence in making a re-entry until a reasonable time had expired, or due diligence had been used to ascertain if the plaintiff asserted a right to the premises after the expiration of the tenancy, and if they asserted such a right, that the defendant could only eject them by process of law. In the case of *Willoughby* v. *R. R. Co.,* 32 S. C., 410, Mr. Chief Justice McIver uses this language: "The question now presented is analagous to the question which has frequently arisen both in this country and in England, and this analogy has been recognized in many of the cases, and that is, how far a landlord who gains by force the possession of the demised premises after the possessory right of the tenant therein has determined, can be held subject therefor to any other liabilities than those which the statutes of forcible entry and detainer have expressly annexed to this act. This question has been very fully considered in 4 Amer. Law Review, 429, and the authorities down to that time (April, 1870,) elaborately reviewed. It is there shown that the idea that one who has authority to enter, and abuses that authority either by unnecessary force in making the entry,

or by some illegal act done after the entry has been effected, thereby becomes a trespasser *ab initio,* so as to make even his entry a trespass, is based largely upon two English cases—*Hillary* v. *Gray,* 6 Car. & P., 284, and *Newton* v. *Harland,* I. Man. & G., 644—the former of which was a *nisi prius* decision, and the latter has been distinctly repudiated; and the rule in England now is that, though the landlord may be liable to an indictment for using force in making the entry, or to a civil action for damages for committing any trespass upon the person of the tenant, either in making the entry or after he has entered, provided a proper case to that end is made, yet he cannot be made liable as a trespasser *ab initio* on the real estate, because of the use of force in making the entry, or because of the trespass upon the person of the tenant." He reviews the cases in this State, and shows that his conclusion is not only sustained by them, but by the overwhelming weight of authorities elsewhere. The article in 4 Amer. Law Review, to which the Court referred, throws much light upon the question under consideration. There are expressions in the cases of *Johnson* v. *Hannahan,* I Strob., 313, and *Sharp* v. *Kinsman,* 18 S. C., 108, which are not in accord with the views herein announced, but we are satisfied that the true doctrine is stated in *Willoughby* v. *R. R. Co.* See, also, *Smith* v. *Building Ass'n,* 39 L. R. A. (Mich.), 410.

We will next consider the fifth exception. As every act of the defendant in connection with the personal property was alleged to be unlawful, and it did not retain the possession thereof, we fail to see how the question of bailor and bailee has any application to this case. The conclusion which we have reached in considering the foregoing exceptions renders speculative the other questions in the case.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

MR. JUSTICE JONES *concurs in result.*

MR. CHIEF JUSTICE McIVER *concurring in result:* As I understand it, the rule in this State is, that where the tenancy has terminated, the landlord may enter upon and retake possession of the premises, and he commits no trespass upon the *real estate* in so doing, even if force is used in making such entry; and, therefore, in such a case, he is not liable to a *civil* action for trespass. If, however, the landlord, in making such entry, commits a trespass upon the *person* of the outgoing tenant, or upon his *personal* property, he may be liable to a *civil* action for *such* trespass. But the simple removal of the tenant's *personal* property from the premises which had been rented, does not constitute a trespass, unless it is effected by the use of unnecessary force, whereby such property is destroyed or injured.