## 10048

### BELLAMY v. GRAND LODGE, K. P.

#### (96 S. E. 293.)

1. WITNESSES—TRANSACTION WITH DECEASED—WIFE'S ACTION FOR INSURANCE.—Wife, suing on policy of fraternal order on husband's life, by testifying insured was her husband, did not violate Code Civ. Proc. 1912, sec. 438, prohibiting party testifying to transaction or communication with person deceased, as witness against party, when prosecuting or defending as executor, administrator, heir at law, etc.

2. TRIAL—NONSUIT—TIME FOR MOTION—INSURANCE CASE.—Motion for nonsuit, in action on insurance policy, on ground insured had not complied with conditions, should be made at close of all testimony, not at close of plaintiff's alone.

3. INSURANCE—INSTRUCTION—MISLEADING CHARACTER.—Instruction that law does not favor "waivers," that if a man can make out a case at all against an insurance company, it ought to pay it, but that forfeitures are not favored in law, was not erroneous, as misleading and a discrimination against defendant.

4. INSURANCE—FRATERNAL INSURANCE—WAIVER OF FORFEITURE—PLEADING.—In wife's action on policy of husband's fraternal order, it is not necessay for her to plead waiver of forfeiture; but she may prove it in reply to testimony on part of defendant tending to prove a forfeiture.

5. NEW TRIAL—INSUFFICIENCY OF EVIDENCE—FAILURE TO MOVE FOR VERDICT.—Where defendant did not move for directed verdict on the ground of insufficiency of evidence, motion for new trial on such ground was properly denied, under rule 77 of the Circuit Court (73 S. E. 7).

Before BOWMAN, J., Charleston, Spring term, 1917. Affirmed.

Action by Hattie Bellamy against the Grand Lodge, Knights of Pythias. From a judgment for plaintiff, defendant appeals.

*Mr. Jacob Moorer,* for appellant, cites: *As to transactions and communications by plaintiff with a deceased person:* Code of Civil Procedure, sec. 438; 89 S. C. 347; 100 S. C. 351; 205 N. Y. 384; 98 N. E. 918. *As to error in not granting nonsuit:* 99 S. C. 421; 81 S. C. 111. *As to waiver:*

84 S. C. 97; 88 S. C. 222. *As to refusal of motion for new trial:* 93 S. C. 94; 95 S. C. 1.

*Mr. Lee Royall,* for respondent, cites: *As to principal being responsible for failure of agent to discharge his duties:* 102 S. C. 594; 54 S. C. 582; 96 S. C. 182; 69 S. C. 413; 76 S. C. 211. *As to defendant-appellant being bound to allege and prove delinquency of insured to establish the forfeiture of the right to indemnity:* 107 S. C. 294; 107 S. C. 302; 106 S. C. 317.

July 19, 1918.

The opinion of the Court was delivered by Mr. Justice Hydrick.

This was an action on a policy of insurance issued by the defendant on the life of plaintiff's husband. Defendant admitted having issued the policy, and set up the defense that, at the time of his death, insured was not a member of the order in good standing, because he had been suspended for nonpayment of dues. From judgment for plaintiff, defendant appealed.

There is no merit in the first exception, which assigns error in allowing plaintiff to testify that insured was her husband. The objection was made on the ground that the testimony was obnoxious to section 438 of the Code of Civil Procedure, which prohibits a party testifying to any transaction or communication with a person deceased, "as a witness against a party then prosecuting or defending the action as executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of such deceased person." Without considering any other ground, it is enough to say that defendant was not defending in any of the relations mentioned in the statute. *Norris v. Clinkscales,* 47 S. C. 488, 25 S. E. 797.

The second exception assigns error in refusing the motion for a nonsuit at the close of plaintiff's testimony. The case

of *Sternheimer v. Order U. C. T. A.,* 107 S. C. 291, 93 S.
E. 8, shows that the motion was properly refused.

In *Pearlstine v. Insurance Co.,* 70 S. C. 75, 49 S.
E. 4, the Court said: "In such cases, the motion
for nonsuit or to direct a verdict should be made at the close
of all the testimony."

The third exception assigns error in the charge as follows:
"Now, the laws of our State do not favor waivers, and if a
man can make out a case at all against an insurance com-
pany, they say they ought to pay it. Forfeitures are
not favored in law, and Courts are always prompt
to seize hold of any circumstance that induces an elec·
tion to waive a forfeiture or an agreement to do so, upon
which the party has relied and acted. Any agreement, dec-
laration, or course of action on the part of an insurance com-
pany which leads a party insured honestly to believe that,
by conforming thereto, a forfeiture of his policy will not be
incurred, followed by due conformity on his part, will and
ought to estop the company from insisting upon the forfei-
ture, though it might be claimed under the express letter
of the contract."

The error assigned is that:

"The question of waiver is not raised by the pleadings
and is not established by the testimony, and because said
charge is a discrimination against the defendant, and is mis-
leading."

The use of the word "waiver" in the first sentence of the
excerpt from the charge was evidently a slip of the tongue;
the word "forfeitures" being intended. This so clearly
appears from the context that the error could not have been
misleading; but, even if it might be so considered, it was
more favorable to defendant than otherwise, for the law does
favor "waivers" to prevent "forfeitures," as declared in the
remaining sentence of the excerpt, which is taken from an
opinion of the Supreme Court of the United States, and has

been quoted and cited with approval by this Court in a number of cases.

Sternheimer's case and the cases therein cited show that it is not necessary for a plaintiff in a case like this to plead waiver; but he may prove it in reply to testimony on the part of defendant tending to prove a forfeiture.

The fourth exception assigns error in refusing the motion for a new trial on the ground of insufficiency of evidence. As defendant did not move for a directed verdict on that ground, there was no error in refusing the motion for a new trial on that ground. Rule 77, Circuit Court (73 S. E. 7); *Sawyer v. Lumber Co.,* 88 S. C. 271, 65 S. E. 225; *Scott v. Seymour,* 105 S. C. 42, 89 S. E. 398.

Judgment affirmed.