## 10399

### LARK v. COOPER FURNITURE COMPANY.
#### (102 S. E. 786.)

FORCIBLE ENTRY AND DETAINER—ENTRY OVER PROTEST OF OWNER HELD "UNLAWFUL ENTRY."—After plaintiff's tenant, who was in arrears, abandoned the premises leaving therein furniture which he had bought from defendant but had not finished paying for, defendant's entry into the premises to remove the furniture, made over protest of plaintiff, was an "unlawful entry" within Civ. Code 1912, sec. 4064, and cannot be justified even though there was no breach of the peace.

Before GARY, J., Anderson, Summer term, 1919. Judgment of Circuit Court reversed, and that of magistrate affirmed.

Action by Laura Lark against the Cooper Furniture Company, begun in magistrate's Court and appealed to the Cir-cuit Court.    From a judgment of' the Circiut Court for defendant, plaintiff appeals.

*Mr. Leon L. Rice,* for appellant, submits : *The finding of the Circuit Judge that entry was made over the repeated protest of plaintiff-appellant is conclusive of the law of the case, and that it was error for him to dismiss the case after finding that she had been wronged.    He should have given judgment according to the justice of the case:* Code of Procedure, sec. 407.    *To trespass upon the lands of another after notice to not do so is a crime:* Criminal Code, sec. 241. *Entry after notice not to enter is a misdemeanor:* 35 S. C. 266.    *Appellant had the better right to the chattels, because Cooper's paper was not recorded:* 79 S. C. 277; Code 1912, vol. I, sec. 3513.    *In levying a distress distrainor may seize the goods peaceably, but if resisted must stop short of violating the law or committing a breach of the peace:* 107 S. C. 145.

*Mr. A. H. Dagnall,* for respondent (no citations).

April 12, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff sued in tort for wrongful entry into her house.    The magistrate found for the plaintiff $25.

The Circuit Court reversed that judgment and ordered judgment for the defendant. ˇ

The plaintiff has appealed therefrom.

The following are the circumstances in the case :

The plaintiff is a negress.    She rented a house to Wilson, and he was in arrears of rent for $46.    Wilson had in the house a lot of furniture which he had bought from the defendant, and upon which he owed $26.25, and Wilson held the furniture on a "written lease" from the defendant which was not of record.    Wilson abandoned the house and

instructed the defendant to take the furniture.    The defendant did take the property "over the protest" of the plaintiff, but without a breach of the peace, and carried it away.    The plaintiff, Lark, had notice of the existence of the written lease. ·

These are the facts found by the Circuit Court.    There is testimony tending to support the finding, so the finding is conclusive.

As matter of law the Court concluded that the furniture did not belong to Wilson in his own right, and it was, therefore, not subject to distress for rent.

Conceding so much of fact and law to be true, it yet remains to inquire if the defendant's servant committed a wrong when he entered the plaintiff's houes to enforce a right against personalty situate in the house over the protest of the owner of the house.

Mr. Cooley assigns three reasons why there should not be a forcible entry upon a peaceable possession.    Cooley on Torts, p. 323.                    ·

Even. though the entry in the instant case did not break the peace, yet it was made without right, for it was made against the protest of the owner, and with manifestation of force.

The entry was in violation of a statute enacted 600 years ago.    Section 4064, Code of Laws.

The judgment, therefore, of the magistrate was right, and that of the Circut Court was wrong.    The one is affirmed, and the other reversed