## 11744

### TOWILL v. SOUTHERN RAILWAY COMPANY *ET AL.*

#### (127 S. E., 559)

1. APPEAL AND ERROR—APPEAL BY PARTY IN WHOSE FAVOR JUDGMENT IS RENDERED WILL NOT LIE, IN ABSENCE OF MOTION FOR NEW TRIAL, OVERRULED BY COURT.—Appeal by party in whose favor judgment is rendered will not lie, in absence of motion for new trial, overruled by Court.

2. CARRIERS—EVIDENCE HELD SUFFICIENT TO GO TO JURY IN ACTION FOR DEATH OF PLAINTIFF'S INTESTATE.—Evidence *held* sufficient to go to jury in action for death of plaintiff's intestate from injuries sustained while attempting to board train.

Before C. J. RAMAGE, SPECIAL JUDGE, Lexington, November, 1923. Affirmed.

Action by Daisy Pearce Towill, as Administratrix of the estate of John Bell Towill, deceased, v. the Southern Railway Company et al. From judgment for plaintiff in a reduced amount both parties appeal.

Plaintiff's evidence, held by the Court sufficient to go to jury, tends to show that in the town of Batesburg defendant's passenger station is located on the south side of its tracks, whereas the principal part of the town lies to the north of the tracks; that particular train by which plaintiff's decedent was injured stops 20 minutes at that station for lunch; and that passengers, during such stop, often used the doors to the north side of the train, the side away from

the passenger platform, in going to and from a nearby drug store.

. At the time in question, plaintiff's decedent, after purchasing a ticket and boarding the train, left it with the statement that he was going to the drug store, and would be back shortly. He was later discovered, as the train was pulling out, lying between the tracks calling for help, with one foot entirely severed, and the other badly mangled, and on being questioned, stated that he had stepped on a block of wood with a nail in it, in stumbling over a pile of trash that had been raked together between the tracks, fallen, been dragged and injured.

The trash pile was located by one witness as about 20 feet from where deceased was found; his coat was dirty, indicating that he had in fact been dragged; the block of wood with the nail in it and shoe with the hole in it were found and offered in evidence.

Defendant denied liability, principally on the ground that plaintiff was attempting to board the train on the wrong side, the side opposite the passenger landing, while the train was in motion, and that his injury resulted from his own contributory negligence in such respect.

*Messrs. Timmerman & Graham,* for plaintiff-appellant, cite: *The deceased was a passenger:* 51 S. C., 150; 78 S. C., 552. *Where no exception is taken to the charge it becomes the law of the case:* 117 S. C., 51. *Evidence insufficient to rebut presumption of negligence:* 52 S. C., 343. *Proximate cause is for the jury:* 62 S. C., 125. *Contributary negligence for the jury:* 66 S. C., 533. *Not negligence per se to board or alight from a moving train:* 79 S. C., 172. *Testimony as to insurance received improper:* 13 Cyc., 364.

*Messrs. Frank G. Thompkins* and *George B. Cromer; Efird & Carroll* and *Martin & Sturkie,* for respondents, cite: *Carrier's duty to passenger is only where passenger is invited:* 81 S. C., 271; 117 S. C., 327; 66 S. C., 11; 213 U. S., 1, 6 Cyc., 606; L. R. A., 1915B, 827; 72 S. C., 339.

*Party cannot appeal from judgment in her own favor:*
128 S. C., 406; 72 S. C., 491. *Court cannot review judg-
ment on the ground that it is excessive or inadequate:* 124
S. C., 461. *Verdict unsupported by evidence will not be dis-
turbed on appeal when there was no motion for new trial:*
118 S. C., 414; 92 S. C., 167; 121 S. C., 84. *Testimony as
to insurance money received relevant:*    104 S. C., 16. *If
error it was not prejudicial:*    97 S. C., 335.

April 10, 1925.

The opinion of the Court was rendered by MR. JUSTICE
WATTS.

"This action was begun January 14, 1922, for $100,000
damages for the alleged wrongful death of the plaintiff's
intestate, John Bell Towill, at Batesburg, S. C., April 8,
1921. It is alleged that he was fatally injured by a train
of the defendant Southern Railway Company, in charge of
the defendant James Harling, as conductor, when he was
attempting to board it as a passenger; and that the injury
was caused by the joint and concurrent negligent, reckless,
wanton, and willful acts of the defendants. The action
is brought for the benefit of the widow and four children
of the decedent.

"The case was tried by Special Judge C. J. Ramage and a
jury; and November 24, 1923, a verdict for $7,000 was
rendered against the defendants. The appeal of the de-
fendants from the judgment is on the sole ground that the
trial Judge erred in refusing the motion of the defendants
for a directed verdict.

"The issue of punitive damages was, on motion of the
defendants, withdrawn from the jury.

"The defendants admitted, at the beginning of the trial,
that before the arrival of the train, on the evening of the
injury, John Bell Towill purchased a ticket from the agent
at Batesburg for the station of Johnston, and the ticket was
in evidence.

"The plaintiff also in due time gave notice of intention

to appeal to the Supreme Court, and her exceptions appear immediately after those of the defendants."

The plaintiff's exceptions, four in number, must be overruled, as no motion was made before the Circuit Court for a new trial, and plaintiff cannot appeal from a judgment in her own favor.

There is nothing in this case that takes it out of the general rule. No doubt, if a motion had been made in the Circuit Court for a new trial, that motion would not have been opposed by the defendants.

The sole exception raised by the defendants is that it was error not to grant their motion for a directed verdict. We have examined carefully the pertinent testimony as applicable to the specifications of negligence, and it would serve no useful purpose to point out in detail such testimony, as it would have been improper for his Honor to have directed a verdict for the defendants as asked for by them. While it was a very close case, there was sufficient evidence to carry the case to the jury, and a directed verdict would have been improper.

His Honor committed no error as complained of.

All exceptions are overruled and judgment affirmed.

Messrs. Justices Fraser and Marion concur.

Mr. Chief Justice Gary and Mr. Justice Cothran not participating.