## GALLOWAY v. GENERAL MOTORS ACCEPTANCE CORPORATION.

### No. 4475.

Circuit Court of Appeals, Fourth Circuit.

Aug. 28, 1939.

L. D. Jennings and M. W. Seabrook, both of Sumter, S. C., for appellant.

A. L. Hardee, of Florence, S. C. (Willcox, Hardee & Wallace, of Florence, S. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and HENRY H. WATKINS, District Judge.

HENRY H. WATKINS, District Judge.

This action originated in the Court of Common Pleas for Florence County, South Carolina, and by appropriate proceedings was removed to the United States District Court for the Eastern District of South Carolina. Plaintiff sought recovery of both actual and punitive damages against General Motors Acceptance Corporation and one Cary White, because of the alleged unlawful seizure and detention of plaintiff's automobile and the alleged willful, wanton and oppressive conduct of White, as agent of

his co-defendant, acting within the scope of his authority in effecting such seizure and detention. The General Motors Acceptance Corporation, by its answer, admitted the seizure of the automobile but denied that it was accomplished in the manner alleged in the complaint, and justified the conduct of its said agent by the allegation that he, at the time of the seizure, was advised that plaintiff was in arrears in his payment on a conditional sales or chattel mortgage contract, and that after an interview with the plaintiff the automobile was surrendered by the plaintiff for storage until an investigation could be made of whether the payment claimed to have been made by plaintiff had actually been made or not. The case was tried before Judge Myers and a jury, and at the conclusion of the testimony, the defendant, appellee herein, made a motion not to have the issue of punitive damages submitted. This was overruled and the issue of both actual and punitive damages submitted to the jury. Verdict was rendered for actual damages only. The plaintiff did not make any motion before the trial court to set aside the verdict or for a new trial.

■ On appeal, appellee submitted a motion to dismiss on the ground that plaintiff being the successful party had no right to appeal from the judgment; that the adequacy of the verdict could only be passed upon by the trial judge in the first instance, and that the aggrieved party must then appeal from the refusal to set aside or correct the verdict. The question thus presented must be determined by the federal practice and federal rules of civil procedure rather than by the rules of practice and procedure in the state court. Rules of Civil Procedure for the District Courts of the United States, rule 81, Subdivision (c), 28 U.S.C.A. following section 723c; Wilcox & Gibbs Guano Co. v. Phoenix Insurance Co., C.C., 61 F. 199, 200; Henning v. Western Union Telegraph Co., C.C., 40 F. 658.

■ While the general rule is to the effect that one may not appeal from a verdict generally in his favor, or from that portion of the decision which is favorable to himself, he may nevertheless secure a review of that portion of a decision which is adverse. 3 C.J. pp. 635, 636; 4 C.J.S. Appeal and Error, § 183; pages 359, 360, 361. Appellee, among other authorities in support of its motion, relies on the following cases: Public Service Commission et al. v. Brashear Freight Lines, Inc., et al., 306 U.S. 204, 59 S.Ct. 480, 83 L.Ed. —; New York Telephone Co. v. Maltbie, 291 U.S. 645, 54 S.Ct. 443, 78 L.Ed. 1041; Lindheimer v. Illinois Bell Telephone Co., 292 U.S. 151, 54 S.Ct. 658, 78 L.Ed. 1182. In these cases, however, as in certain others in which the right of appeal was denied, the entire cause of action sued on had been terminated by decrees in favor of appellants, and the appeals were taken merely to obtain review of findings believed to be erroneous, though unnecessary to support the decrees. Thomas & Betts Co. et al. v. Electrical Fittings Corp. et al., 2 Cir., 100 F.2d 403.

The South Carolina cases cited by appellee, Fisher v. Sheridan Co., 182 S.C. 316, 189 S.E. 356, 108 A.L.R. 981, and Wilson v. Southern R. Co., 123 S.C. 399, 115 S.E. 764, in passing upon the question here involved were predicated on what was formerly rule 77 of the Circuit Court of South Carolina, now rule 76. This rule has been liberally construed to deny the right of appeal in cases in which both actual and punitive damages were demanded, but only actual damages allowed, except upon condition that such question had first been presented to the trial court by motion for a new trial or other appropriate method, in which case it was required that the appeal be taken from the refusal to set aside or correct the verdict. See also Gunter v. Fallow, 78 S.C. 457, 59 S.E. 70; Sawyer v. Lumber Co., 83 S.C. 271, 65 S.E. 225; Scott v. Seymour, 105 S.C. 42, 89 S.E. 398; Bellamy v. Grand Lodge, K.P., 110 S.C. 315, 96 S.E. 293; Sloan v. Lee, 121 S.C. 426, 114 S.E. 408, 409; Towill v. Southern R. Co., 131 S.C. 423, 127 S.E. 559. These decisions, however, as above stated, are not applicable to trials in a district court of the United States.

■ In his statement of the questions involved as required by rule 10 of this court, subdivision 2(b), appellant presents three questions, the first of which we have disposed of. The two other questions challenge the correctness of the rulings of the court and its instructions to the jury. As outlined in appellant's brief they transcend the limits prescribed by District Court's rule 51 and the privileges extended under rule 46. They are sufficient, however, under these rules properly to raise the question of whether the court was in error in refusing to charge appellant's oral request, through counsel, that it did not make any

468

difference what defendant's agent thought if he took the automobile from plaintiff over plaintiff's protest, defendants would be liable for punitive damages. This is the only issue to be determined by this court. The evidence was conflicting as to whether appellee's agent seized the automobile over plaintiff's protest, or by his permission, and also as to the manner in which it was seized, and the language used by appellee's agent at the time. The presiding judge, in an elaborate charge, stated the issues involved and the contentions of the parties as to what occurred, and neither side challenges the correctness of that statement. Near the beginning of the charge it was stated, "Now this case is presented to you for your decision on the facts because of certain conflicting testimony. If you believe the testimony of the plaintiff there was a willful, conscious invasion of plaintiff's legal rights; if you believe the testimony of the defendant, there was not a willful, conscious invasion of plaintiff's legal right." Later on in the charge, the court said: "Now, if on the occasion when Mr. White went to Mr. Galloway's house he acted in an unseemly manner in enforcing what he thought to be a legal right of his company, the jury might be justified in concluding that the action was malicious * * *". The court also said: "I charge you one is not liable for exemplary damages if he acts in good faith, under an earnest sense of duty or right, without any intention to depress or defraud, or without any actual oppression or indignity." Upon denying plaintiff's request above referred to, the court said: "Now, Gentlemen, I charge you that if one under a mistaken idea of his legal rights, undertakes to invade the legal right of another, such as to re-possess or take possession of, for its protection, an automobile, as in this instance, it must be done in a proper manner and without any improper conduct; that there must be no action on the part of the person making the seizure or taking possession of another's property which would indicate oppression or malice, or an utter disregard of the decencies of the action which was taken." The final instruction of the court was to this effect: "If you find in addition that the circumstances of the taking were over the protest of Mr. Galloway, and under such circumstances in spite of the belief of the agent of the company that he was exercising a legal right on the part of the company, were accompanied by such circum-

stances as indicated a willful invasion of the plaintiff's rights, accompanied with such demonstration or acts as amounted to an indication of malice, or oppression, then you would have a right to find punitive damages."

The charge must be taken as a whole, and when this is done, it is apparent that it covered every phase of the law applicable to the case.

As hereinbefore stated, appellant's entire case rests upon whether the court erred in refusing to charge the jury as requested by counsel that, "If they find, it does not make any difference what he may have thought, if he took the automobile from plaintiff, over plaintiff's protest, they would be liable for punitive damages." Such an instruction would, in addition to excluding from the consideration of the jury the good faith, or sense of duty, under which the defendant's agent claimed to have acted, have required the jury to presume malice or willfulness merely because of the protest of the plaintiff, even in the absence of any word or act otherwise indicating willfulness, recklessness or an exhibition of force tending to create a breach of the peace. Such is not the law. The real test is whether in taking property in possession of another over his protest, the party so taking it is guilty of such conduct as would tend to create a breach of the peace, or would otherwise show a willful, reckless or wanton disregard of his opponent's rights. It is true that a presumption of willfulness, wantonness or recklessness may arise from the conduct of the tort feasor and the circumstances under which the property is seized, but facts must be shown sufficient to give rise to the presumption. The mere taking of property under a claim of right over the protest of one in possession is not sufficient. Punitive damages are awarded for the purpose of punishing a tort feasor for such an exhibition of recklessness or negligence as evidences malice or the conscious disregard of the rights of others.

A review of the cases upon which appellant relies to support his contention as to punitive damages will show that in every case there was evidence of something more than a mere protest by the party in possession of the property seized to justify the claim for punitive damages. In the case of Rucker v. Smoke, 37 S.C. 377, 16 S.E. 40, 34 Am.St.Rep. 758, the tort feasor over the protest of the party in possession

broke open the stable door and seized and carried off a mule, and the court held the exemplary damages were properly awarded on account of the forcible, wanton and malicious act so committed. Likewise in Williams v. Tolbert, 76 S.C. 211, 56 S.E. 908, the seizure was made by force and violence. In the case of Lark v. Cooper Furniture Co., 114 S.C. 37, 102 S.E. 786, an entry was made into a house owned by plaintiff, for the purpose of seizing certain property of a tenant who had abandoned the premises and had authorized the defendant to take such property. The plaintiff protested the entry, and the court said:

"Even though the entry in the instant case did not break the peace, yet it was made without right, for it was made against the protest of the owner, and with manifestation of force.

"The entry was in violation of a statute enacted 600 years ago."

In this case no reference whatever was made to punitive damages and the verdict was only for the sum of $25.

In the later case of Lyda v. Cooper Furniture Co., 169 S.C. 451, 169 S.E. 236, 238, the same defendant held a chattel mortgage upon certain property belonging to the plaintiff, who was in arrears in her payments. During plaintiff's absence from home agents of the defendant, by its authority, went to plaintiff's home, forcibly entered it and took away certain property. After the evidence was submitted, the presiding judge directed a verdict for the defendant. This was reversed by the Supreme Court which said:

"In the case now before this court, the entry was made in the absence of the occupants of the house, despite locked doors, and with manifestation of force.

"We think it should have been left to the jury to determine whether the entry was made in a lawful way, whether defendants were trespassers, and whether there was such a breach of the peace as the law contemplates in cases of this nature."

Both the last mentioned cases were cases of forcible entry, under the statute which now appears as section 885 of Volume I of the Civil Code of South Carolina. The latest case on this subject, Barbee v. Winnsboro Granite Corporation, 190 S.C. 245, 2 S.E.2d 737, 739, was decided by the Supreme Court of South Carolina

May 3, 1939. Therein, with citations of numerous authorities the Court said: "As a general rule, it may be stated that, to render an entry forcible under the Statute of Forcible Entry and Detainer, Code 1932, § 885 et seq., it must be accompanied with circumstances tending to excite terror in the occupant, and to prevent him from maintaining his rights. An entry which has no other force than such as is implied in any trespass is not within the statute."

See also Rush v. Aiken Manufacturing Co., 58 S.C. 145, 36 S.E. 497, 79 Am.St. Rep. 836; Laurens Telephone Co. v. Enterprise Bank, 90 S.C. 50, 72 S.E. 878, 881. In the last mentioned case the Supreme Court of South Carolina, speaking through Mr. Justice Woods, afterward Senior Circuit Judge of this Circuit, held that in an action of tort for actual and punitive damages, the jury may consider that defendant took the advice of counsel and may rebut the presumption that he knew the law which he is alleged to have violated, and may meet the charge of willfulness, authorizing punitive damages, by showing that he made an honest mistake as to the law and his rights thereunder.

In Justus v. Universal Credit Co., 189 S.C. 487, 1 S.E.2d 508, cited in appellant's brief, the Supreme Court reversed the decision of the lower court, which had granted defendant's motion for nonsuit and had denied motion for a new trial. The opinion quotes at length from Willis v. Whittle, 82 S.C. 500, 64 S.E. 410, as to the right of seizure of mortgaged property after condition broken, and the restriction which the law imposes on this right to the effect that such seizure must be made without provoking a breach of the peace, and the requirement of mortgagee to resort to the law to obtain possession, unless he can do so without such breach. There is no general discussion in the opinion of what is required in any case to entitle one to punitive damages, and there is nothing in the case to indicate that the law is otherwise than as charged by Judge Myers, and as set forth in the cases herein cited.

In Anderson et al. v. Atlantic Coast Line R. Co., 179 S.C. 367, 184 S.E. 164, 166, 104 A.L.R. 406, last cited in appellant's brief, the majority opinion cited with approval the opinion in Norris v. Greenville S. & A. R. Co., 111 S.C. 322, 97 S.E. 848, 850, as follows: "Not only is the conscious invasion of the rights of another in a wanton, willful, and reckless

manner an act of wrong, but also when the wrongdoer does not actually realize that he is invading the rights of another, provided the act is committed in such a manner that a person of ordinary reason and prudence would say that it was a reckless disregard of another's rights."

The majority opinion also stated: "That negligence may be so gross as to amount to recklessness, but, when it does, it ceases to be mere negligence, and assumes very much the nature of willfulness; so much so that it has been more than once held in this state that a charge of reckless conduct will justify the jury, if the same be proved, in awarding punitive, vindictive, or exemplary damages."

The principle so announced may be illustrated by the case of one driving an automobile at great speed along a more or less congested highway without any intention to injure pedestrians thereon, but at the same time with a reckless disregard of their presence, and resulting in injury to one of them. In this case there was a dissenting opinion by Mr. Justice Bonham, who was of opinion that the testimony was insufficient to show any conscious disregard of the rights of plaintiffs by defendant's agent, or of such gross negligence as evinced a conscious disregard of plaintiff's rights. All of the members of the court, however, were in accord on the proposition that to justify punitive damages, it is necessary to show that defendant invaded plaintiffs' rights in such a manner that a person of ordinary reason and prudence would say that there was a reckless disregard thereof. In this case were cited Cole v. Blue Ridge Ry., 75 S.C. 156, 55 S.E. 126; Proctor v. Southern Ry. Co., 61 S.C. 170, 39 S.E. 351, in support of the proposition that negligence may be so gross as to amount to recklessness, whereupon it ceases to be mere negligence and assumes very much the nature of willfulness. While in some jurisdictions it has been held that the word "reckless" alone is synonymous with mere carelessness, and does not imply willfulness, the rule in South Carolina, and in many other jurisdictions, is to the effect that recklessness is the equivalent of willfulness or intentional wrong. Bussey v. Charleston & W. C. Ry., 75 S.C. 116, 55 S.E. 163; Crosby v. Seaboard Air Line Ry., 81 S.C. 24, 61 S.E. 1064; Pickett v. Southern Ry. Co., 69 S. C. 445, 48 S.E. 466; Aaron v. Southern Ry., 68 S.C. 98, 46 S.E. 556; Bailey v. North Carolina R. Co., 149 N.C. 169, 62 S.E. 912; Heller v. New York N. H. & H. R. Co., 2 Cir., 265 F. 192, 17 A.L.R. 823.

In Lake Shore & Michigan Southern R. Co. v. Prentice, 147 U.S. 101, 13 S.Ct. 261, 263, 37 L.Ed. 97, the court said: "In this court the doctrine is well settled that in actions of tort the jury, in addition to the sum awarded by way of compensation for the plaintiff's injury, may award exemplary, punitive, or vindictive damages, sometimes called 'smart money,' if the defendant has acted wantonly, or oppressively, or with such malice as implies a spirit of mischief or criminal indifference to civil obligations; but such guilty intention on the part of the defendant is required in order to charge him with exemplary or punitive damages." See also Jopling v. Bluefield Water Works & Improvement Co., 70 W.Va. 670, 74 S.E. 943, 39 L.R.A., N.S., 814; General Motors Acceptance Corp. v. Vincent, 183 Okl. 547, 83 P.2d 539; Kelly v. McDonald, 39 Ark. 387; Inman v. Ball, 65 Iowa 543, 22 N.W. 666; Central of Georgia R. Co. v. Sowell, 3 Ga. App. 142, 59 S.E. 323.

In addition to the South Carolina cases hereinbefore reviewed and the numerous cases therein cited, we call attention to the cases of Kibler v. Southern Ry. Co., 62 S.C. 252, 40 S.E. 556, 563; Gwynn v. Citizens' Telephone Co., 69 S.C. 434, 48 S. E. 460, 67 L.R.A. 111, 104 Am.St.Rep. 819; Henry v. Southern Ry. Co., 93 S.C. 125, 75 S.E. 1018; Payne v. Cohen et al., 168 S.C. 459, 167 S.E. 665; Cox v. Coleman et al., 189 S.C. 218, 200 S.E. 762. In the Gwynn case, supra, the court held, among other things [69 S.C. 434, 48 S.E. 463]: "A tort committed by mistake in the assertion of a supposed right, or without any actual wrong intention, and without such recklessness or negligence as evinces malice or conscious disregard of the rights of others, will not warrant the giving of damages for punishment where the doctrine of such damages prevails." And in the Henry case, supra, the court, approving what was said in the Gwynn case, held that an act based on the belief that it was legal and done for the sole purpose of protecting actor's right, will not subject actor to punitive or vindictive damages. In the very recent case of Cox v. Coleman, above cited, Mr. Justice Fishburne, who wrote the prevailing opinion in Anderson et al. v. Atlantic Coast Line R. Co., hereinbefore referred to, cited with approval Payne v.

Cohen and Kibler v. Southern Railway Co., supra, holding that punitive or vindictive damages can be awarded only where there is something more than simple negligence, or a technical conversion, and that in order to award such damages there must be malice, ill will and conscious indifference to the rights of others, or a reckless disregard thereof.

Affirmed.