LAMPLEY v. ATLANTIC COAST LINE R. R. CO.

1. RAILROADS—BRIDGES AND TRESTLES—NEGLIGENT CONSTRUCTION—NEG-LIGENCE.—Proof of the fact that a railroad has so constructed its embankment as to shut off eighty per cent. of the water passage, is proof of negligent construction, in disregard of the rights of the landowner.

2. NEW TRIAL.—Granting new trial as to one cause of action necessarily has the effect of granting it as to other causes of action, when the verdict is a general one.

3. WATER AND WATER COURSES—CHARGE.—Law as to obstructing a river substantially correct as charged, and if defendant desired more specific instructions, he should have so requested.

4. IBID.—SURFACE WATERS.—Complaint held to state a cause of action for obstructing the freshet waters of a river.

5. EXCEPTION.—Objection without ground not ruled on cannot become the basis of an exception.

6. DAMAGES—CROP.—Rental value of land, costs of fertilizers, costs of preparation of land and cultivation of crop, value of services of owner in overlooking the work, and interest on amount lost until verdict, make up the damages to immature crops destroyed.

Before GARY, J., Darlington, spring term, 1901. Reversed.

Action by John C. Lampley against Atlantic Coast Line R. R. Co. From judgment in favor of plaintiff and order as to new trial, both parties appeal.

*Messrs. Geo. W. Brown, Stevenson & Matheson* and *A. M. Rankin,* for plaintiff, appellant.

*Messrs. Stevenson & Matheson* cite: *Overflow waters of a river are not surface water:* 44 Ohio St., 282; 48 Ohio St., 63; 20 E. C. L. R., 498. *If surface water or not, defendant is liable: Brandenberg* v. *Zeigler,* and *Cain* v. *Ry.,* 62 S. C., 22 Stat., 489. *As to estimating damages to immature crops: Horres* v. *Chem. Co.,* 57 S. C.

*Messrs. J. T. Barron, E. Keith Dargan,* and *Woods &*

*Macfarlan,* for defendant, appellant.    The first cites: *Defendant can dam back surface water and not be liable:* 54 S. C., 242.    *As to the value of an immature crop:* 57 S. C., 189.

*Messrs. Woods & Macfarlan* cite: *Trial Judge cannot refer a general verdict to either of two causes of action:* 2 Thom. on Trials, sec. 2640; 62 S. C., 17; 59 S. C., 270; 57 S. C., 289.    *What is a wrongful obstruction is a question of law and Judge should have instructed the jury:* 42 S. C., 409; 60 S. C., 254; 59 S. C., 87.    *Evidence as to the average value of the oat crop should have been ruled out:* 1 Green Ev., sec. 52; 11 Ency., 2 ed., 503; 57 S. C., 189. *These overflow waters are surface waters:* 62 S. C., 18; 61 S. C., 548; 39 S. C., 472; 24 Ency., 2 ed., 897, 903; 31 Am. R., 114; 56 *Id.,* 343; 53 *Id.,* 581.    *This action cannot be maintained for damming up surface waters:* 24 Ency., 950, 951.

April 15, 1902.    The opinion of the Court was delivered by

Mr. Justice Gary.    The complaint sets forth two causes of action.    The railroad track crosses the Pee Dee River and runs for about three miles through the low grounds, and when there is a flood the river is about three miles wide. The track is laid on embankments through these low grounds, with occasional openings, on trestle work.    The plaintiff owns land both above and below the railroad, and also leased and planted a large tract above the railroad. There was testimony to the effect that the means of escape for the water were insufficient.    The plaintiff complains: (1) That his crop of oats for 1899 was destroyed by the freshets in the river, by reason of the fact that they were held on those lands above and also on those below longer than they would have been without said dam.    (2) By the waters being collected in great volume above said embankment and being discharged with great force through the narrow and insufficient openings, his land below was washed off by its

force. The jury rendered a verdict in favor of the plaintiff for $350.

The record contains the following statement: "Upon the reading of the complaint, the defendant submitted an oral demurrer, having complied with the rule of Court relating thereto, and moved to dismiss the same upon the ground that the said complaint failed to state facts sufficient to constitute a cause of action, because the plaintiff's alleged damage as to both causes of action arose from diffusion and overflow of the freshet water of the Great Pee Dee River, which had diffused itself in a time of freshet over his cultivated lands, and that said water was a common enemy, and that no right of action for damage thereby could arise against the defendant; and upon the further ground that the allegations of the complaint as to overflow of surface water, whether separately stated as a distinct cause of action or not, were insufficient to base a claim for damages upon against defendant, and should be dismissed and stricken from the complaint. The demurrer was overruled by the presiding Judge. After the rendition of the verdict, defendant duly moved the Court for a new trial upon the grounds that the verdict was contrary to the charge of the Judge in the following particulars: (1) Because his Honor charged the jury in effect that the damages arising merely by backing or retention of surface water would not give plaintiff a right of action for damages, and there was no evidence of damage from any other cause. (2) Because his Honor charged the jury in effect that the railroad company was not required to provide against extraordinary floods and freshets, and the undisputed testimony was that the freshet to which plaintiff laid his damage was of such character—indeed, was one of the largest ever known. (3) Because his Honor charged the jury in effect that in case of damages on account of obstruction of the river, the jury must conclude that the railroad bridge or piers wrongfully obstructed the running stream, and there was no evidence to that effect. (4) Because there was absolutely no proof upon which the jury could legally estimate the damage to the

plaintiff's crops under the charge of the Court as to what the true measure of damage was, his Honor having charged the jury in effect that the damage must be proved, and that speculative damages could not be found.    The other grounds of the motion related to the insufficiency of the testimony to support the verdict and are not involved in this appeal.    The motion for a new trial was refused, but the presiding Judge thereafter passed the following order upon said motion : "The complaint herein contains two causes of action, separately stated and numbered as such.    Under the first, two elements of damages are alleged—one to real estate and the other to the destruction of 2,000 bushels of oats, caused by the careless and negligent construction of defendant's railroad bridge, trestles and embankments for its track.    Under the second cause of action, the identical injuries to plaintiff are alleged in consequence of the wrongful obstruction of a water course known as the Pee Dee River, under the provision of an act of 1897 (22 Stats., 489), without any allegation of negligence.    No motion having been made to compel plaintiff to elect upon which cause of action he would proceed, both were tried together, and the jury found a general verdict for the plaintiff of $350.

" 'A motion for a new trial upon the minutes being made by defendant's counsel; now, after hearing argument pro and con, and carefully considering all the evidence in the case, I am satisfied that the acts of negligence complained of in the first cause of action were not supported by the proof. I fail to find from the evidence any fact to warrant a conclusion that the bridge, trestles and embankments which support defendant's railroad track are so constructed as to support the allegation of a nuisance, as alleged in the first cause of action.    Under the second cause of action, however, the element of negligence is not a necessary ingredient, since that is based upon the aforesaid act of 1897, for the wrongful obstruction of a water course.    The jury having passed upon the facts under that cause of action, I do not feel at

30—63

liberty to interfere with their finding, in so far as it may relate thereto.

" *'It is, therefore, ordered,* That in so far as the verdict of the jury may refer to or be based on the first cause of action, it is set aside and defendant's motion sustained; but the said verdict may be referred to the second cause of action, and to that extent and for that purpose the defendant's motion for a new trial is refused.' "

The plaintiff has appealed from so much of said order as set aside the verdict of the jury, in so far as it refers to or is based on the first cause of action. The practical question presented by the plaintiff's exceptions is whether his Honor, the presiding Judge, erred in ruling that there was no evidence to support the acts of negligence alleged in the first cause of action, and that he failed to find from the evidence any fact to warrant a conclusion that the bridge, trestles and embankments which support defendant's railroad track are so constructed as to support the allegation of a nuisance, as alleged in the first cause of action. The plaintiff's attorneys in their argument say: "The evidence that about eighty per cent. of the water passage is shut off by an embankment, may not be evidence of negligent construction, in so far as the security of the trains, &c., is concerned, but it is proof of negligent disregard of the right of the landowner, to have the water flow past his land in its natural way without being retarded or concentrated and poured through with increased force." That is a correct statement of the law, and there was error in granting the new trial.

The defendant has also appealed, and the first question presented by its exceptions involves the construction and effect of the order granting a new trial as to the first cause of action, and refusing it as to the second cause of action, when the jury by their verdict did not state what amount was found under the first cause of action and what amount was found under the second cause of action, but simply found a general verdict for $350. Having

reached the conclusion that there was error in granting the new trial as to the first cause of action, this ceases to be a vital question in the case. We may say, however, in order to settle the practice in such cases, that the order granting a new trial as to one cause of action necessarily has the effect of granting a new trial as to the other causes of action, for the reason that it is impossible to ascertain in what manner the verdict should be apportioned or what were its component parts.

The next question arises under the fourth exception, which is as follows: "IV. His Honor erred, as it is respectfully submitted, after stating to the jury that the second cause of action was brought under the statute for wrongful obstruction of the running stream or river, in failing to state to the jury what would constitute a wrongful obstruction of such stream, thus leaving the jury without any rule or principle by which to determine whether the stream or river was wrongly obstructed or not." The presiding Judge substantially charged the law applicable to the case, and if the defendant desired more specific instructions, it should have prepared requests to that effect.

The fifth exception is as follows: "V. His Honor erred, as it is respectfully submitted, in overruling the demurrer of defendant to the complaint upon the ground that the real causes of action set forth therein were based upon alleged damage by surface water, as to which no cause of action could arise under the allegations of the complaint. If not in error in failing to sustain said demurrer to the whole complaint, his Honor should have sustained the same as to all allegations of fact relating to damage arising from surface water, although not separately and distinctly stated as a cause of action; because, even if a demurrer cannot be successfully interposed to part of a cause of action, it may be to any cause of action set forth in the complaint, whether confused with other causes or distinctly and separately stated." This Court is satisfied with the Cir-

cuit Judge's construction of the complaint, and this exception cannot be sustained.

The sixth exception is as follows: "VI. His Honor erred, as it is respectfully submitted, in allowing certain witnesses to testify against the objection of the defendant as to the usual yield of the lands planted in oats by plaintiff, as such testimony could only be offered for the purpose of proving the amount of damages, and was entirely incompetent for the purpose and was irrelevant to the issue." When this testimony was offered the ground of objection was not stated, nor does it appear that the Circuit Judge overruled the objection before allowing the attorney to state the ground of his objection. The question raised by this section is, therefore, not properly before this Court for consideration. We do not deem it necessary to cite the numerous and recent cases sustaining this conclusion.

The next question arises out of the eighth exception, which is as follows: "VIII. Because his Honor erred in charging the jury with regard to the amount the plaintiff could recover upon the alleged damage to the oat crop, when stating to them the rule as to speculative damages: 'So it is in a crop of that description, for they must show from the nature and character of the land and the maturity of the crop at that stage of the crop, what the crop would reasonably have made. That is one mode of ascertainment, and another is what would be its rental value per acre;' it being respectfully submitted that by neither of such modes would the jury arrive at the true measure of damages, which in such case is the cost of planting the oats, the rental value of the land, and interest thereon." Immediately preceding that portion of the charge set forth in the exception, his Honor used the following language: "In estimating damages to growing crops, you cannot take into consideration speculative damages—that is, if the crop had been matured, he would have made so many bushels to the acre, and if that crop had been marketed at a certain period of the year, they would have brought so much, and that

would be his damages.    That is not the rule.    It is not the rule of the girl with the pail of milk, from the proceeds of the sale of which she would buy a dress.    The pail fell, the milk spilled, and she did not get the dress.    That was speculative on her part; she was going to get the money to buy that dress."    It is evident that the Circuit Judge intended his charge to be applicable to an immature crop, and he charged correctly that the value of the crop at the time of the injury furnishes the proper measure of damages, and that speculative damages are not recoverable.    But he erred in charging that the jury might take into consideration what the crop would reasonably have made, in determining the value of the crop at the time of the injury.    *Horres* v. *Chemical Co.*, 57 S. C., 189.    This would be but an indirect mode of allowing speculative damages, and is condemned by the leading authorities, as will be seen by reference to the cases cited in appellant's argument in Horres *v.* Chemical Co., *supra*.    It is, however, competent for the plaintiff to introduce testimony to show the rental value of the land on which the crop destroyed was planted, the costs of the fertilizers used, the cost of the labor, &c., in the preparation of the land, and the cultivation of the crop up to the date of injury, the fair value of the services of the owner of the crops in overlooking and attending to the preparation of the land, and the cultivation of the crop, interest on the amount lost until verdict, if not *eo nomine,* then by way of damages.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the case remanded to that Court for a new trial.