November 24, 1904. The opinion of the Court was delivered by
This was a suit in a magistrate court in Sumter County for damages, and resulted in a verdict and judgment in favor of plaintiff for forty dollars. On appeal therefrom the Circuit Court granted a new trial in the following order:
"This case, which was tried before a magistrate without a jury, came up on exceptions to the rulings of the magistrate, and his judgment in favor of the plaintiff for the sum of forty dollars. The complaint states two causes of action and the magistrate rendered a general verdict, not stating upon *Page 216 
which cause of action or how the same was to be apportioned. After hearing all the testimony and the arguments pro andcon, I find and conclude that there is no evidence to sustain the second cause of action in said complaint, and it being impossible to apportion the verdict or to ascertain upon which cause of action the same was based, or its component parts referable, it is ordered, that the judgment of the said magistrate be, and the same is hereby, reversed, and a new trial granted. Lampley v. Atlantic Coast Line R.R. Co.,63 S.C. 462."
The complaint sought to recover damages (1) In the sum of $67.70 for loss of a box containing tools and material for repairing watches, clocks and sewing machines, and (2) in the sum of $30 for failing to stop the defendant's passenger coach at Mayesville station, in Sumter County, so that plaintiff might reboard the same as passenger, he being a passenger from Lynchburg, S.C. to Sumter, S.C. and having got off near Mayesville, an intermediate station, to attend to some business, on the statement and assurance of the conductor that there would be sufficient time, and that the passenger coach would be pulled up to and stop at the station proper for passengers. It is excepted, substantially, that the Circuit Court erred:
"1. In finding that there was no testimony to sustain the second cause of action; whereas, there was sufficient testimony to sustain said cause of action.
"2. Because there being sufficient evidence to sustain the first cause of action, which was for a sum greater than the verdict, the verdict should have been referred to and sustained under the first cause of action.
"3. In granting a new trial, where the verdict was supported by the greater weight of the evidence."
The exceptions must be overruled. This Court has no jurisdiction to review the findings of fact by the Circuit Court in a law case heard by that Court on appeal from a magistrate's court. Dedfearn v.Douglass, 35 S.C. 569. *Page 217 
The Circuit Court having found that the evidence was not sufficient to sustain the second cause of action, it was competent to order a new trial thereon. The verdict in this case having been a general one, and there being no means to ascertain in what manner the verdict should be apportioned, it was proper to order a new trial as to both causes of action. Lampley v. R.R. Co., supra.
The judgment of the Circuit Court is affirmed.