## 7967

### LEE v. NORTHWESTERN R. R. CO.

RAILROADS—NEGLIGENCE—CROSSINGS.—Defining gross negligence as "the
   want of any degree of care for his own safety," and charging that
   when those in charge of a railroad train approaching a crossing see
   that the team of a traveler on a highway, also approaching the
   crossing, is beyond his control, it is their duty to do all they can to
   stop the train to prevent injury, are errors, but harmless under the
   evidence in this case.

Before PRINCE, J., Kershaw, March term, 1910.
Affirmed.

Action by Stephney Lee against Northwestern Railroad Company.    Defendant appeals.

*Messrs. R. O. Purdy* and *Clark & Von Tresckow,* for appellant.    *Mr. Purdy* cites: *Gross negligence:* 29 Cyc. 423; 86 S. C. 379; 29 S. C. 315.

*Messrs. DePass & DePass,* contra, cite: *Gross negligence:* 29 Cyc. 423; 30 Ill. App. 504; 2 Posey Unrep. Cas. 239; 3 Wilson Civil St. App., sec. 20; 53 S. C. 121; 58 S. C. 228. *Charge not on facts:* 68 S. C. 392; 69 S. C. 1; 71 S. C. 95; 72 S. C. 556.

July 11, 1911.    The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    Plaintiff recovered judgment for personal injuries received by him in a collision with defendant's cars at a highway crossing.    For a former appeal in this case, see 84 S. C. 125, 65 S. E. 1031.

When neglect to give the signals required by statute at highway crossings contributes to the injury of persons or property at such crossings by collision with the engine or cars of a railroad corporation, the law imposes upon the corporation liability for damages caused thereby, "unless it is shown that, in addition to a mere want of ordinary care, the person injured, or the person having charge of his person or property, was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law; and that such gross or wilful negligence or unlawful act contributed to the injury."    1 Code, 1902, sec. 2139.    There are only two grounds of appeal.    The first assigns error in defining gross negligence in the charge to be "the want of any degree of care for his own safety;" and the second, in charging that, when those in charge of a railroad train approaching a crossing see that the team of a traveler on the highway, also approaching the crossing, is beyond his

control, it is their duty to do all they can to stop the train to prevent injury.

The presiding Judge erred as pointed out in each of these exceptions. Nevertheless, the judgment should be affirmed, because the errors were not prejudicial.

The difference between the want of slight care and the want of any care is more technical and metaphysical than practical and substantial, and too shadowy to affect the verdict of jurors of ordinary intelligence and common sense.

It will not do to say, as matter of law, and under all circumstances, that when those in charge of a train approaching a crossing see a team also rapidly approaching it and beyond the control of the driver, it is their duty to stop the train to prevent collision; for, what should be done to prevent collision is, ordinarily, a question of fact to be decided from all the circumstances. These may indicate to those in charge of the train that a collision would more certainly be prevented by increasing the speed of the train, so that it would cross the highway before the team could reach the crossing. The duty, under such circumstances, is merely to exercise due and reasonable care to prevent a collision, and what that would be would depend upon all the circumstances. *Gue* v. *Wilson*, 87 S. C. 144. But, the uncontradicted testimony shows that, as soon as those in charge of defendant's train saw the plaintiff approaching the crossing, they applied the emergency brakes and did all they could to stop the train and prevent the collision. No other reasonable inference can be drawn from the testimony than that what they said they did were the proper and only things that could have been done at that time and under those circumstances to prevent the collision. As they unquestionably did what the Court told the jury they should have done, the error could not have affected the result.

Affirmed.