[File No. 2088]

JAMES H. JOHNSON, Appellant, v. JAMES BARTRON, Jr., Respondent.

(134 NW 84)

Opinion filed February 16, 1912

*Tufton & Williams,* for appellant.
*Mockler & Maennel,* for respondent.

SPALDING, C. J.   The plaintiff brought an action against defendant for equitable relief.   Judgment was rendered in the defendant's favor, and costs of $9.20 taxed against the plaintiff and entered in the judgment.   From the judgment plaintiff appealed to this court.   Subsequently he negotiated a sale of a lot in Wilton.   The purchaser, finding the judgment of $9.20 for costs a lien on the lot, declined to consummate the purchase unless such judgment was paid, whereupon appellant paid the same by check and it was satisfied in the office of the clerk of the district court.   The respondent now moves this court to dismiss the appeal, claiming that the satisfaction of the judgment leaves nothing to sustain the appeal.   In this we think respondent is in error.   The costs were only an incident of the judgment, and they were paid under circumstances occasioned by the refusal of the purchaser to take the lot and consummate his purchase unless such lot was relieved of the lien of the judgment for costs.   It left standing the main judgment against the appellant.   It would be extremely unjust when appellant is forced by stress of circumstances to pay the costs taxed against him in a suit in equity to deprive him thereby of his right to a review of the judgment, or that part of it from which the appeal is taken.   Numerous authorities are found in point, some to the effect that where a judgment is in two parts, one of which is satisfied, it does not defeat the right to appeal from the unsatisfied portion; others to the effect that where the appellant is compelled, in order to perfect a sale of his property, to pay the costs, doing so does not estop him from maintaining his appeal. We prefer to place our decision upon the latter ground, and, therefore, deny the application.   Lumaghi v. Abt (Mo) 103 SW 104; Joannin et al. v. Ogilvie, 49 Minn 564; Peyser v. Mayor, 70 NY 497; Cassell v. Fagin, 11 Mo 207; Hatch v. Jacobson, 94 Ill

584; Springer v. Merchants Nat. Bank, 67 Ill App 317; Woodward et al. v. State, 58 Neb 598; Territory v. Cooper et al., 11 Okla 699; 2 Enc Pleading and Practice, 181.

FISK, BRUCE, Goss and BURKE, JJ., concur.

(This case is reported as Johnson v. Barton, 134 NW at page 84.)