## 9370

### CHERO-COLA BOTTLING CO. v. SOUTH CAROLINA LIGHT, POWER & RYS. CO.

#### (88 S. E. 534.)

1. TRIAL — DIRECTION OF VERDICT — CONFLICTING TESTIMONY. — Where there is a sharp conflict in the testimony, the case is for the jury, and direction of verdict is properly refused.

2. EVIDENCE—BEST EVIDENCE—SECONDARY STATEMENTS.—Testimony of a witness as to what defendant's manager told him of the condition of a car which struck plaintiff's truck is inadmissible as not the best evidence, where such manager could have known of such conditions only from the statements of another.

3. EVIDENCE — ADMISSIBILITY — ADMISSIONS. — Such statements are not admissible on the theory of admissions by defendant, for, though such admissions are always competent, they must be of facts within the knowledge of the maker.

4. EVIDENCE — ADMISSIBILITY — RES GESTAE. — Such statements are not admissible on the theory of *res gestae;* the alleged maker not having been present at the occurrence in question.

---

FOOTNOTE.—As to liability for collision between automobiles or an automobile and another vehicle at or near corner of streets or highways, see notes in L. R. A. 1916a, 745. Speed of automobile as negligence, see notes in 1 L. R. A. (N. S.) 219, 25 L. R. A. (N. S.) 40, 38 L. R. A. (N. S.) 488, and 51 L. R. A. (N. S.) 993. Evidence as to speed, see notes in 1 L. R. A. (N. S) 239, and 34 L. R. A. (N. S.) 778.

5. STREET RAILROADS—COLLISION—SPEED.—In an action by the owner of
a motor truck for damages when it struck defendant's street car,
it is error to refuse to charge that the operator of a motor at an
intersection must not exceed six miles per hour, or proceed faster
than is reasonable and proper; such charge being proper under
Cr. Code 1912, sec. 602, prohibiting speed in excess of the rate stated,
in view of evidence that the truck was going eight miles per hour.

Before HON. C. M. EFIRD, special Judge, January, 1915.
Reversed.

Action by the Chero-Cola Bottling Company against the
South Carolina Light, Power and Railways Company.
Judgment for plaintiff, and defendant appeals.

The seventh request to charge, referred to in the opinion,
is as follows:

"(7) I also charge you that a person operating a motor
vehicle, upon approaching the crossing of an intersecting
public street or highway, must not run at a rate of speed
greater than six miles an hour, and in no event at a greater
rate of speed than is reasonable and proper, having regard
to the traffic then on such highway and to the safety of the
public; and if he fails to do this he violates the law of the
State."

*Messrs. Sanders & DePass,* for appellant.

*Mr. J. C. Otts,* for respondent, submits: *Declarations
made by servant in scope of his authority, admissible against
master:* 6 Colo. 365; 32 Iowa. 433; 90 Hun. 280; 35 N. Y.
Supp. 769; 118 Ind. 248; 20 N. E. 222; 3 L. R. A. 224; 42
Mo. App. 134; 47 N. H. 554; 93 Am. Dec. 474; 49 Barb.
148; 84 Tex. 141; 19 S. W. 461; 82 S. W. 346; 33 Pac.
Rep. 72; 12 S. C. 1017; 7 So. 762. *Res gestae:* 34 Cyc.
1642. *Res gestae of agency:* 2 Chamberlayne Modern Ev.,
secs. 1346, 1353; 8 Thompson Corp. 1620; 91 S. C. 503.
*Issue as to negligence for jury:* 61 S. C. 404, 468, 495; 67

S. C. 218; 75 S. C. 75.  *Proximate cause:* 90 S. C. 277 and 283; 91 S. C. 542; 83 S. C. 325; 90 S. C. 277; 81 S. C. 334; 1 Thomp. Neg., sec. 204.  *Res gestae:* 16 Cyc. 1008 and 1013; 34 Cyc. 1642; 19 S. C. 353; 41 S. C. 325.

April 5, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff got a verdict for $500 against the defendant for a tort to personal property, and the defendant appeals.

History.  The plaintiff's servant was driving a 30 horse power motor truck· weighing 5,000 pounds along Advent street,. in Spartanburg, approaching Main street, which Advent intersects; the defendant's servant was driving a street car in the same instant along Main street; the motor truck collided with the street car, and the result ·was an alleged injury to the motor truck; and to repair that this action was brought.

Three issues were argued by the appellant.  The appellant contends: (1) A verdict ought to have been directed for the defendant; (2) there was incompetent testimony adduced; (3) the Court ought to have charged the seventh request, but declined to do so.  There was some question below as to whether Spartanburg's Main street is a highway, and whether section 602 of the Criminal Code had relevancy to it.  But the plaintiff abandoned that contention.

1. We are of the opinion, upon a review of the testimony, that a verdict could not have been directed. · There was sharp conflict in the testimony, about which a jury ought to judge.

2. We are of the opinion that McCarty's testimony was incompetent.  McCarty was "connected with the Chero-Cola Bottling Company," and he was a witness, Knox was manager of the defendant company.  After the accident, and some time before bringing the suit,

McCarty went to see Knox about a reparation of his damage.   McCarty testified that Knox told him:

"The wheels were flattened out, ruined, on account of the brakes being applied and dragging the wheels trying to stop the car."

If Knox knew (1) that the brakes were applied, and (2) that the wheels dragged to stop the car, he learned it from another, for he was not at the accident.   So there was a declaration by Knox of the substance of a declaration to him.   That sort of evidence is not the best, and it was incompetent.

The respondent's counsel suggests that Knox made an admission for the defendant, and that admission may always be given in evidence.   That is so; but the admission must be of a fact known to him who makes the admission.   There is no room to apply the rule of *res gestae;* for Knox was not at the thing, and he did not know what was done there.

3. We are of the opinion that the seventh request of the defendant was sound.   It will be reported.   The statute, section 602 of the Criminal Code, was made to prevent accidents at points where one highway intersects another highway.   It is a mandate to the citizen how to operate his motor truck at such a place.   The respondent suggests that the act is a part of the Criminal Code, and is irrelevant to the instant case.   That circumstance calls the louder to operators to heed the statute.   The relevant language of the statute is:

. "Upon *approaching* a crossing intersecting public highways, * * * also in *traversing* such crossing, * * * persons operating a motor vehicle shall * * * operate it at the rate of speed not greater than 6 miles per hour," etc.

The operator testified:

"As we were coming up into Main street we were traveling about eight miles an hour."

He was violating the law by his own admission. The Court ought to have so instructed the jury, for that was the purport of the request.

It is, therefore, ordered, that the judgment below be set aside, and a new trial had.

Neither MR. CHIEF JUSTICE GARY nor MR. JUSTICE FRASER participated in the consideration of this case.