14272

HORNE v. ATLANTIC COAST LINE R. CO. *ET AL.*

(185 S. E., 45)

November, 1935.

*Mr. F. L. Willcox,* for appellant,

*Messrs. McEachin & Townsend,* for respondent,

April 6, 1936.

*Per curriam.*

This action, one in which damages are sought, was originally brought for the benefit of I. L. Ford and Mrs. Dannie Ivey Ford on account of the alleged. wrongful death of their son, Joe Ford, an infant of the age of five years. It was alleged that on March 15, 1934, while Joe was on a handcar on the railroad's pass track at Pine Island, a station between Conway and Myrtle Beach, he was killed by one of the company's freight trains which the defendants negligently and recklessly ran through an open switch into the siding. On the first trial a nonsuit was granted, and the plaintiff appealed. This Court, in an opinion by Mr. Justice Fishburne, sustained the ruling of his Honor, Judge Featherstone, that recovery was barred as to I. L. Ford because of his gross negligence and recklessness which contributed proximately to the death of his son; but reversed the judgment so far as it related to Dannie Ivey Ford, holding that the gross contributory negligence of the father would not bar recovery as to the mother. 177 S. C., 461, 181 S. E., 642. On the second trial, November 11, 1935, the plaintiff was given a verdict for $7,000.00, and from judgment entered thereon this appeal is taken. We will now consider the several questions raised by the exceptions.

First. Was Judge Gaston in error in refusing to grant the defendant's motions for a nonsuit and for a directed verdict? In its opinion on the first appeal, this Court, after reviewing the testimony, stated that it was unable to say, as a matter of law, that Mrs. Ford should be "charged with contributory negligence as a proximate cause." It also pointed out that Joe Ford, the deceased, "was a trespasser upon the property of the defendant railroad company, and they owed him no duty except not to wantonly and willfully injure him"; and held that "there was some testimony tending to support plaintiff's case." The appellants now earnestly contend that they were entitled to a directed verdict on the ground that there was no evidence from which a reasonable inference of a willful or wanton injury could be drawn. As there must be a new trial, we will not review the testimony. It is sufficient to say that it was practically the same for the plaintiff as that admitted on the first trial of the case; and a careful reading of it convinces us that Judge Gaston properly submitted to the jury the issue whether, in the circumstances detailed, a failure on the part of the defendants to exercise slight care was the proximate cause of the injury and death complained of.

Second. Did the trial Judge err in his instructions to the jury as to the measure of damages? While this Court held on the former appeal, as we have said, that the contributory negligence of the father, one of the beneficiaries, would not bar recovery as to the mother, the other beneficiary, it also quoted with approval the rule that the verdict in such case would be reduced to the extent of the negligent parent's share, thus indicating the method by which any loss as to the mother should be ascertained. It is conceded that Mrs. Ford, under this rule, would be entitled to only one-half of any amount that the father and mother might ordinarily be awarded.

The jury was charged as follows: "You cannot consider any loss that the father might have sustained, because he has

been eliminated from this case, and he is not entitled to recover in this case, and any amount you find is for the mother, and you will, therefore, only consider such amount as the mother should recover, if any at all. That is a matter in the sound discretion of the jury. You *may* take into consideration what damages both would be entitled to if the father had been allowed to recover and divide that in half, because, if the father had been allowed to recover, the mother would only get one-half. You can take into consideration what both parents would ordinarily be entitled to and divide that by half, *or you can use any other reasonable method of ascertaining the loss to the mother.* She alone is entitled to the money after it has been recovered and, therefore, her loss can be considered and nobody else's." (Italics added.)

The appellants argue that the Court committed error, in the circumstances of this case, in instructing the jury that in determining the loss, if any, as to the mother, they *might* take into consideration what damages both the father and mother would have been entitled to and to divide that by half, or that they could use "any other reasonable method of ascertaining the loss to the mother."

We think there is merit in this contention. It is true, as charged by the Circuit Judge, that the loss, if any, to be declared by the verdict, was only that to which the mother would be entitled, but the real question was, How should the jury proceed to fix such loss? It seems clear, under the rule stated, that they should have been instructed that they must first determine under the evidence what would have been the loss, if any, as to both parents, and should find for the plaintiff only one-half of such amount. The argument cannot be successfully met that the jury, through the use or application by it of some reasonable method of its own in ascertaining the loss as to the mother, could disregard the true rule to be followed, that she should be given only one-half of any amount that the father and mother together would have been entitled to. The charge as made, we think,

failed in its purpose to correctly point out to the jury how they should proceed in the matter. This assignment of error, therefore, is sustained.

Third. Was the amount awarded grossly excessive? While the verdict is a large one, we cannot say that Judge Gaston abused his discretion in refusing a new trial for that reason.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.

Mr. Chief Justice Stabler, and Messrs. Justices Carter, Bonham, Baker and Fishburne concur.