· 14404

FISHER v. J. H. SHERIDAN CO., INC. *ET AL.*

(189 S. E., 356)

318

*Messrs. B. F. Martin and Samuel R. Watt,* for appellant,.

*Messrs. Carlisle, Brown & Carlisle* and *C. Y. Brown,* for respondents,

December, 30, 1936.

The opinion of the Court was delivered by MR. A. L. GASTON, ACTING ASSOCIATE JUSTICE.

On July 26, 1934, James Ernest Fisher, who was then twelve years of age, was struck and killed by an automobile operated by J. H. Sheridan, and owned by the defendant corporation. At the time of the catastrophe, a school bus owned by the father of Ernest, and operated by him under a contract with Anderson County for the transportation of children attending the public schools, had stopped on the paved surface at a point on the highway opposite Piercetown school, for the purpose of letting Ernest out. Ernest alighted

from the bus, ran down its right-hand side on the shoulder adjacent to the paved surface, and attempted to cross the highway to the rear of the bue, to the school on the opposite side, and was struck by the Sheridan car, approaching from the opposite direction to that in which the bus had been traveling, but which had stopped and was then at rest. Ernest had been seated by the side of his father on the front seat of the bus and was the only pupil to leave the bus for this school, and there were about thirty children in the bus going to another school. The plaintiff sought to recover both actual and punitive damages, under the allegations of the complaint. The case was tried before Hon. M. M. Mann, as presiding Judge, and resulted in the verdict of the jury at the October term, 1935, in favor of the plaintiff for actual damages. The plaintiff now appeals from the judgment entered in her favor thereon. The accident occurred in Anderson County, on public highway No. 81, and was tried in Spartanburg County, where the defendants reside. The defendant Sheridan, with his wife and two other ladies, was en route from Spartanburg to Atlanta. The school bus was proceeding along highway No. 81 in the opposite direction, but had stopped opposite the school, which was about one hundred yards off the highway.

The first issue made by the appeal is that the trial Judge incorrectly construed the school bus Act of 1934, in his charge to the jury to the prejudice of the plaintiff. Appellant contends that the jury might have rendered a verdict for punitive damages in favor of the plaintiff, had the Court submitted to the jury the question of fact whether the defendants willfully failed to stop, as required by the statute. The learned Judge instructed the jury that "the law requiring persons to stop (before Sic.) passing a school bus is not applicable in this case, for the simple reason passing means if both parties are going in the same direction, and one gets around the other he passes; but if the parties are going in opposite directions, then they meet. So passing is going

around the person going in the same direction and meeting is simply getting by while going in the opposite direction." He construed the statute to mean this. He further instructed the jury that the common-law rule as to the degree of care to be exercised, would not require him to stop unless the very circumstances which were apparent to him, or should have been apparent to him by the exercise of his ordinary powers of seeing and hearing dictated that he should stop. The Court so charged the jury at the request of the defendants, who submitted a written request to this effect, and also called his Honor's attention thereto at the conclusion of his general charge. The respondents now contend that the exceptions should be overruled on this point for the reason that even if his Honor erred in construing the statute, such error was not prejudicial: first, as to actual damages, because the finding of the jury in favor of the plaintiff fully compensates the plaintiff for all injuries due to the alleged negligence of the defendants and necessarily includes compensation based on a finding of negligence in the violation of the statute; secondly, as to punitive damages, defendants say that there were no appropriate allegations in the complaint of recklessness in this respect, and that the jury has found that there was no recklessness or willfulness on the part of the defendants; and suggests further that the school bus had stopped for "a few seconds only," which scarcely afforded opportunity for an act of conscious negligence.

The Act to require all motor vehicles to come to a full and complete stop before passing a school bus either taking on or discharging school children, as enacted, was approved on the 19th of March, 1934, 38 Statutes at Large, page 1380, and reads as follows: "Be it enacted * * * that all motor vehicles traveling upon the public highways of this State are required to come to a full and complete stop before passing any school bus which has stopped for the purpose of taking on and discharging school children and shall remain stopped until said children are

taken on or discharged and until such school bus has moved on."

We are constrained to hold that the charge of the Circuit Judge in regard to the statute was erroneous. The statute plainly and clearly requires all motor vehicles to come to a full and complete stop before passing any school bus which has stopped to take on or discharge school children; and to remain stopped until the children are taken on or discharged, and until such school bus has moved on. As long, therefore, as the school bus is at rest for the purpose of taking on or discharging school children, and until it has moved on, all motor vehicles must come to a full and complete stop before passing such stationary school bus, which has stopped as aforesaid, and all such motor vehicles must remain stopped as aforesaid. No motor vehicle traveling the public highway is allowed to pass any school bus which has stopped for the purposes set forth in the act. The word "pass" employed in the act means to go by, regardless of whether the school bus and the motor vehicle are traveling in the same direction or in opposite directions at the time when the school bus comes to a stop. This is the meaning of the word "pass" as used in other statutes of this State regulating the operation of motor vehicles upon the public highways of the State, and intended to promote the safety of all persons who are using the highways. Section 1634 of the Code of 1932 is in point and requires motorists, upon request of persons riding or driving a restive horse or other draft animal, to bring his motor vehicle immediately to a stop, if necessary, and if traveling in the opposite direction to remain stationary as long as may be reasonable to allow such horses or animals to pass. And if traveling in the same direction the motorists shall not pass any such person until he has gotten to a place of safety. The word "pass" is used in this section of the Code where the parties are traveling in the opposite direction as well as in the same direction. *Gue v. Wilson,* 87 S. C., 144, 69 S. E., 99.

To the same effect is Section 1629 of the Code, which requires the motorist who meets on the public high-way any other person traveling in the opposite direction to reasonably turn to the right of the center of such highway, "so as to pass without interference"; and requires the motorist on overtaking any such other person, to "pass" on the left side thereof"; and the word "pass" applies whether the parties meet or overtake one another. Therefore, the law of the road as enacted by the statutory provisions of this State uniformly forbid the passing under the circumstances set forth in each act and make this word applicable where the parties approach each other from the opposite direction and thus meet on the highway as well as where the parties overtake one the other and thus circumvent one another. We hold, therefore, that the language of the statute in question applies in both instances and is intended to regulate the operation of all motor vehicles upon the public highways when approaching in the same direction, or in the opposite direction, any school bus which has stopped to take on and discharge school children, or for either purpose. The statute is mandatory, and all such motor vehicles must stop and shall remain stopped before passing any school bus at rest on the highway as provided by the statute. The statute was made to prevent accidents and injury to school children who are about to enter or to leave such school bus on the highway. It is a mandate to the citizen how to operate his motor vehicle at such a place. *Chero-Cola Bottling Company v. Light, Power & Rep. Co.*, 104 S. C., 214, 88 S. E., 534; *Townsend v. Highway Department*, 156 S. C., 541, 153 S. E., 572; *Thomas v. S. A. L. Railway Company*, 157 S. C., 144, 154 S. E., 97; *Tennent v. Southern Railway Company*, 164 S. C., 28, 161 S. E., 860.

While the statute referred to in the foregoing cases cited last above refer to Section 582 of the Criminal Code, Volume 2, Code of 1922, page 177, which has since been repealed by Acts of 1932, page 1109, yet the principles of con-

struction of such statutory laws regulating the use of the highway by motor vehicles are identical with the present case. The statute now under consideration does not leave it to the discretion of the motor driver to use his own judgment in the exercise of such care as ordinary prudence requires under the circumstances, but he must obey the statute. The rule of care laid down by this statute differs, therefore, from the rule of care announced on circuit by the able jurist who tried the case, and also differs from the doctrine set forth in the cases of *Gue v. Wilson,* 87 S. C., 144, 69 S. E., 99; *Lee v. Railroad Company,* 89 S. C., 274, 71 S. E., 840; *Walker v. Lee,* 115 S. C., 495, 106 S. E., 682; *De Lorme v. Stauss,* 127 S. C., 459, 121 S. E., 370; *Bowers v. Carolina Public Service Co.,* 148 S. C., 161, 145 S. E., 790.

■ The presiding Judge erred as pointed out in the exceptions above discussed; and we think that such error was prejudicial; and therefore a new trial is necessary, and the judgment must be set aside.

■ The plaintiff claims the right to appeal on the ground that she is the party aggrieved, because the verdict as to punitive damages was not in her favor. The right of appeal is accorded as an exception to the general rule and applies in cases where the verdict is favorable to a party, but does not give him all he is entitled to, or is otherwise prejudicial to his legal rights. The aggrieved party must present such question to the trial Court in the first instance, by a motion for a new trial, or other proper method, and the appeal should be taken from the refusal to set aside or correct the verdict. The appellant has followed this approved procedure. *Wilson v. Southern Railway Co.,* 123 S. C., 399, 115 S. E., 764.

■ If the verdict is a general one, so that it is impossible to ascertain in what manner the verdict should be apportioned or what were its component parts, an order granting a new trial as to one cause of action necessarily has the effect of granting a new trial as to the other causes of ac-

tion. *Lampley v. Railroad Company,* 63 S. C., 462, 41 S. E., 517; *Barfield v. Coker & Co.,* 73 S. C., 181, 53 S. E., 170.

A new trial must be had in this case on all issues for the reason that there is no other way to determine what the effect, if any, upon the verdict of the jury was in this case because of the holding by the Court below on this question, which was a material issue, based upon the allegations of the complaint, and arising under the evidence. *Key v. Railway Co.,* 144 S. C., 164, 142 S. E., 336; *Johnson v. Express Co.,* 163 S. C., 191, 161 S. E., 473.

We are not to be understood to decide what weight the jury must give to the evidence on this issue, as to the alleged violation of the statute, when the question of punitive damages is under consideration; we hold that it is for the jury to decide under all the facts and circumstances whether the injury and death of plaintiff's intestate was the result of mere inadvertence, or of indifference to the rights of those who travel the highways, or a conscious failure to be careful for their safety. The violation of a statute is sufficient to carry the issue as to punitive damages to the jury under proper instructions by the Court and may warrant the inference of reckless, willful, or wanton conduct, but it is not obligatory as a matter of law to demand such a finding in every case where the question arises. *Cubbage v. Roos,* 181 S. C., 188, 186 S. E., 794; *Ralls v. Saleeby,* 178 S. C., 431, 182 S. E., 750.

The second assignment of error relates to the holding of Judge Mann in charging in effect that the contributory negligence or recklessness of the father in this case, if any, would be imputed to the mother so as to defeat her cause of action. Appellant complains that the Judge refused to apply the doctrine laid down in the case of Horne against A. C. L. Railroad Company, and declined to follow that case. It would have been proper for the Court below to have charged the jury in accordance with the doctrine of the *Horne case.* Under the doctrine of the *Horne*

*case,* if it had been submitted by the presiding Judge, the jury might have found that the mother was entitled to only one-half of the amount that both parents would ordinarily be entitled to in case the jury found as a fact that the father was barred by his contributory negligence or contributory willfulness. Therefore, the failure of the presiding Judge to follow this rule when requested by the plaintiff to submit this issue to the jury was error. *Horne v. A. C. L. Railroad Co.,* second appeal, 180 S. C., 173, 185 S. E., 45. Also first appeal, 177 S. C., 461, 181 S. E., 642.

Attention is called to Section 1626 of the Code 1932, wherein it is provided that the negligence or carelessness of the driver (of the bus), shall not be imputed to the passengers on said motor vehicle. Of course, the driver is bound by the doctrine as to his own contributory negligence if he is a party in interest. *Sandel v. State,* 115 S. C., 168, 104 S. E., 567, 13 A. L. R., 1268.

The third question raised by the exceptions relates to the assignments of error in charging that the regulations of the Highway Department, under Section 6006 of the Code, exceeded the power conferred by this law to promulgate rules and regulations providing for parking or leaving vehicles on the highway.

The regulations in question provide that no motor vehicle shall be parked *or stopped* or left on a highway upon the paved part thereof when it is practicable to park or stop such vehicle off the paved part. It further provides that every vehicle parked or stopped or left on the highway shall be as near as practicable to the outside edge of the shoulder thereof, and a clear and unobstructed width of not less than sixten feet shall be left on the paved part for free passage of other vehicles. The appellant says that it is conceded that there was evidence showing that the school bus had been stopped upon the paved highway without conforming to such regulation; the appellant contends that the Highway Department had no right to legislate on the subject as to

stopping of a motor vehicle on the highway, which was not embraced in the statute.

The Legislature has the right to vest in the administrative officers and bodies of the State a large measure of discretionary authority, especially to make rules and regulations as to the enforcement of law; and such rules when promulgated are valid, if they are not in conflict with, or do not change in any way the statute conferring such authority. *Stovall et al. v. Sawyer et al.* (S. C.), 187 S. E., 821, filed September 8, 1936.

It is clear that the jury did not find that the plaintiff was guilty of contributory negligence, and therefore found that the plaintiff had not violated any law, rule, or regulation; so that this error, if any, is harmless. Furthermore, this Court has held, as a matter of law, that while it is not negligence *per se* to stop and park an automobile in the middle of the highway, a person there stopping or parking an automobile should use such ordinary care for the rights of others traveling on the road as is consistent with their safety. *Mullis v. Pinnacle Flour & Feed Company*, 152 S. C., 239, 149 S. E., 329.

The judgment below is set aside and a new trial granted.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.