[File No. 7274]

WILLIAM R. CARROLL, Respondent, v. ORVILLE RYAN, Appellant.

(56 NW2d 682)

Opinion filed January 13, 1953.

*Murray & Murray,* for appellant. *Sullivan, Kelsch & Scanlon,* for respondent.

BURKE, J. This is an appeal from an order granting a new trial.

Plaintiff's complaint set forth two causes of action; one upon a check and the other upon an open account. Upon trial of the case to a jury, a verdict for the dismissal of both causes of action was rendered. Thereafter judgment in favor of the defendant for the dismissal of the action and for costs in the sum of $147.60 was entered.

Plaintiff moved for a new trial upon his second cause of action. The notice of motion for a new trial specified that the motion would be based, (1) upon all of the original pleadings and files in said case, (2) upon a verified transcript of all of the testimony of the defendant, Orville Ryan, given upon the trial of said cause, (3) upon the instructions of the court to the jury, (4) upon all of the proceedings had and made a matter

of record upon the trial relating to plaintiff's second cause of action, and (5) upon all the grounds and reasons set forth in the motion for a new trial of plaintiff's second cause of action and specifications of errors hereto attached.

Defendant objected to the jurisdiction of the court to entertain the motion for a new trial upon the grounds; (1) that neither the notice of motion or motion stated that the motion would be based upon the minutes of the court upon a settled statement of the case or upon affidavits; (2) that only a partial transcript of the evidence has been furnished and (3) that plaintiff did not ask for a new trial of the entire action.

At the hearing on the motion, plaintiff moved for leave to amend the notice of motion. Such leave was granted and an amended notice of motion which stated that the motion was based upon the minutes of the court, was filed. Defendant's objections to the jurisdiction of the court were thereupon overruled and a new trial of the entire action was granted. Thereafter defendant asked for a rehearing upon the motion for a new trial. The rehearing was granted and upon such rehearing defendant urged that the plaintiff had waived his right to move for a new trial by paying the judgment for costs entered in the case. The trial court found that the costs were paid in circumstances which did not constitute a waiver and again ordered a new trial.

We shall direct our attention first to appellant's contention that the failure of the respondent to state in the notice of motion or in the motion for a new trial, that the motion would be based either upon the minutes of the court, upon a settled statement of the case, or upon affidavits was fatal to the court's jurisdiction.

Section 28-1904 NDRC 1943 provides:

"A motion for a new trial may be made upon the minutes of the court, upon affidavits or upon a statement of the case. If the motion is made upon the minutes of the court, reference may be had to the pleadings, orders of the court, documentary evidence, stenographic report of testimony and any and all matters that might be incorporated in a statement of the case. In that case either party may procure and have settled a statement of the case and may use the same upon the hearing."

Section 28-1905 NDRC 1943 provides:

"It shall not be necessary in any case for a person intending to make a motion for a new trial to serve a notice of intention to make such motion."

Section 28-1809 NDRC 1943 provides:

"A party desiring to make a motion for a new trial . . . shall serve with the notice of motion . . . a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict . . . he shall so specify."

Aside from Section 28-1809, supra, the statutes do not prescribe either the form or the contents of a notice of motion or motion for a new trial. Rule 4 of the District Court Rules prescribes:

"Motions, except when otherwise properly made in open court, shall be accompanied by notice thereof, together with copies of the affidavits or other papers in support of the same, or otherwise particularly specifying papers in the action that have been served, or on file. Such motions shall concisely state the grounds thereof."

The notice of motion and motion for a new trial served upon the appellant in this case strictly comply with the provisions of Section 28-1904 and Rule 4, supra, in that they set forth the errors of law complained of, were accompanied with specifications of the insufficiency of the evidence and particularly described all of the papers, documents and other matters of record in the case to which reference would be made in support of the motion. The items set forth in the notice of motion to which reference would be made were all items to which, by the provisions of Section 28-1904, supra, reference may be made when the motion for a new trial is based on the minutes of the court. It is true the notice of motion does not contain the exact words "minutes of the court," it does, however, state, among other things, that the motion will be based upon "all of the proceedings had and made a matter of record upon the trial."

The language "all proceedings had and made a matter of record upon the trial" is a very satisfactory definition of "minutes of the court." We are satisfied therefore that the notice of mo-

tion was not only sufficient to inform appellant that the motion for a new trial would be based upon the minutes of the court but was much more explicit and informative than it would have been had it contained merely the bare statement that the motion would be based upon the minutes of the court. It was clearly sufficient to vest in the court jurisdiction to hear the motion for a new trial.

Appellant's second objection to the trial court's jurisdiction, viz: that only a partial transcript of the evidence was furnished, is clearly without merit. By the provisions of Section 28–1904, supra, where a motion for a new trial is based upon the minutes of the court, either party may refer to the stenographic report of the testimony. If appellant wished the court to consider testimony other than that in the furnished transcript, he could secure a transcript of such testimony or have the reporter read his notes to the court.

We turn next to appellant's contentions that where suit was brought upon two causes of action and there was a general verdict and judgment dismissing the suit, the court was without jurisdiction to entertain a motion for a new trial of one of the causes of action, or that having entertained such motion he was without jurisdiction to grant a new trial of the entire action. Neither of these contentions can be sustained. The court had undoubted jurisdiction to entertain a motion for a new trial of one cause of action. 66 CJS (New Trial, sec. 11c) 91. Upon consideration of such a motion "it was within the power of the court to require that a new trial shall be general instead of partial; and a party, by moving for a new trial as to one issue only, cannot restrict the exercise of this power." 39 Am Jur (New Trial, sec. 22) 46. Clark v. New York, N. H. & H. R. Co., 33 RI 83, 80 A 406, Ann Cas 1913B 356; Annotation in LRA1915E 248; Ann Cas 1912D 594; See also Fisher v. J. H. Sheridan Co., 189 SE 356, 182 SC 316, 108 ALR 981.

Appellant's next contention is that by paying the judgment for costs, respondent acknowledged the correctness of the judgment and waived his right to a new trial. In this case the principal judgment was for a dismissal of the action. The judgment

for costs was only incidental to the principal judgment. As was stated in Woodward et al. v. State ex rel, Thomssen, 79 NW 164, 58 Neb 598. "This judgment consists of two parts,—one on the merits, and the other for costs. The payment and satisfaction of the latter is no bar to error proceeding to obtain the reversal" of the former. To the same effect is Johnson v. Barton, 134 NW 84, a North Dakota decision which apparently through oversight was omitted in the published North Dakota Reports, wherein it was said: "The costs were only an incident. of the judgment." Payment of the costs "left standing the main judgment against appellant." We are satisfied therefore that there was no waiver by respondent of his right to move for a new trial.

Appellant's final contention that the specifications of insufficiency of the evidence were defective cannot be considered for the reason that this objection was not made upon the hearing of the motion for a new trial in the district court. Poirier Mfg. Co. v. Kitts, 18 ND 556, 558, 120 NW 558; Gooler v. Eidness, 18 ND 338, 121 NW 83; Shuman v. Lesmeister, 34 ND 209, 158 NW 271.

The order granting a new trial is accordingly affirmed.

MORRIS, C. J., and SATHRE, CHRISTIANSON and GRIMSON, JJ., concur.