In the Matter of the Classification of
St. Vincent's Nursing Home.

**ST. VINCENT'S NURSING HOME, a Non-profit Corporation, Plaintiff and Respondent,**

v.

**The DEPARTMENT OF LABOR of the State of North Dakota and Orville W. Hagen, Commissioner of Labor, Defendants and Appellants.**

**Civ. No. 8543.**

Supreme Court of North Dakota.

May 20, 1969.

Rausch & Chapman, Bismarck, for plaintiff and respondent.

Helgi Johanneson, Atty. Gen., and Jack G. Marcil, Special Asst. Atty. Gen., Bismarck, for defendants and appellants.

STRUTZ, Judge.

This matter comes before us on motion by the plaintiff, St. Vincent's Nusing Home, to dismiss an appeal by the defendant Department of Labor of the State of North Dakota. The record discloses that the Department voluntarily paid costs taxed by the clerk of court in the sum of $43.50. After paying such costs, the Department took an appeal from the judgment, which judgment found St. Vincent's Nursing Home to be a hospital under the provisions of Section 34–12–01, North Dakota Century Code. The Home now moves that the appeal be dismissed on the ground that the Department, by paying the costs, has waived its right to appeal.

The only question presented on this motion is whether the Department, by voluntarily paying such costs, has waived its right to appeal. The Home strenuously asserts that such payment is a waiver of the right to appeal where the payment was voluntary and without any circumstances which would amount to coercion or error. It is conceded that there was no coercion in this case and that the payment made by the Department was voluntary.

This court has held that a party who voluntarily pays a judgment against him cannot appeal therefrom. Rolette County v. Pierce County, 8 N.D. 613, 80 N.W. 804 (1899); Grady v. Hansel, 57 N. D. 722, 223 N.W. 937 (1929).

However, where the payment is made under duress imposed by execution, such payment has been held not to be a waiver of the right to appeal. Grady v. Hansel, *supra.*

■ This court has further held that where costs are only incidental to the judgment, the payment of the costs does not defeat the right to appeal. Johnson v. Barton, 134 N.W. 84 (N.D.1912). In Carroll v. Ryan, 79 N.D. 366, 56 N.W.2d 682 (1953), where the judgment was for dismissal of the plaintiff's cause of action and for costs, we held that payment of the costs by the plaintiff would not bar proceedings to secure a reversal of the judgment dismissing the action.

The subject of payment of costs and its effect on the right to appeal is discussed in 4 C.J.S. Appeal and Error, § 218, page 655. It appears that the view which this court has adopted, that where costs are only incidental to the judgment the payment thereof does not defeat the right to appeal, is the majority view in this country. The writer in C.J.S. points out that the acceptance of costs waives the right to appeal only where the costs are imposed as a condition of granting the judgment appealed from, or where such acceptance is inconsistent with the right to appeal.

The same view is set out in 4 Am.Jur.2d, Appeal and Error, Section 261, page 757, where the writer states that an unsuccessful litigant has been held not to have waived his right to appeal by payment, prior to execution, of costs taxed against him.

■ There can be no question but that one who voluntarily pays a judgment against him waives his right to appeal from the judgment. However, the majority view is that the payment of costs which are only incidental to the judgment and do not in any way go to the merits of the case will not defeat the right to appeal.

For reasons stated herein, the motion to dismiss the appeal is denied.

TEIGEN, C. J., and PAULSON, KNUDSON and ERICKSTAD, JJ., concur.