Jonetha SINGLETON, Appellant,

v.

Starshaka N. CUTHBERT, Respondent.

Appellate Case No. 2013–001387

Opinion No. 5422

Court of Appeals of South Carolina.

Heard April 13, 2015

Filed July 6, 2016

Bernard McIntyre, of Beaufort, for Appellant.

Elizabeth Hall Freeman, of Hall Booth Smith, PC, and Jeffrey Alan Ross, of Jeff Ross Law, LLC, both of Charleston, for Respondent.

MCDONALD, J.:

In this action arising from an automobile accident, Jonetha Singleton appeals, arguing the circuit court erred in directing a verdict that she was negligent as a matter of law under section 56–5–2770(A) of the South Carolina Code (2006) in turning left behind another vehicle stopped behind a stopped school bus. We reverse.

## FACTS AND PROCEDURAL BACKGROUND

On October 6, 2010, Singleton was involved in an automobile accident in Beaufort County. Singleton was making a left turn into her mother's driveway when Starshaka Cuthbert's vehicle, approaching from the oncoming direction, continued past a stopped school bus and struck her. Just before Singleton made her left turn, she was stopped one car behind the stopped bus. Although the school bus's caution lights were activated, Cuthbert did not stop for the school bus and hit Singleton's car on the right side.

Singleton filed a complaint on November 10, 2011, seeking compensatory and punitive damages. Cuthbert answered, asserting comparative negligence as a defense. During the trial on May 6, 2013, Cuthbert moved for directed verdict, asserting Singleton violated section 56-5-2770(A) by turning left behind the vehicle stopped behind the school bus. Cuthbert contended Singleton was negligent as a matter of law because Singleton's own testimony established the school bus's flashing red lights were activated, the bus was stopped, she came to a stop, and then she proceeded to make her left turn while the bus was still stopped. Singleton countered that no evidence established she was "meeting or overtaking" the bus as referenced in section 56-5-2770(A).

The circuit court granted Cuthbert's motion for directed verdict, determining Singleton was negligent in violating section 56-5-2770(A) because she made the left turn without waiting for the school bus to deactivate its warning lights or resume moving. The issues of Cuthbert's negligence, the comparative negligence of each party, and causation were submitted to the jury.

The jury returned a verdict for Cuthbert. Singleton moved for judgment notwithstanding the verdict (JNOV) and a new trial. The circuit court denied both motions.

## ISSUE

Did the circuit court err in directing a verdict that Singleton was negligent as a matter of law under section 56-5-2770(A) of the South Carolina Code by turning left behind a vehicle stopped behind a stopped school bus?

## STANDARD OF REVIEW

■ "In ruling on a motion for a directed verdict . . ., the trial court must view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions." *McNaughton v. Charleston Charter Sch. for Math & Sci., Inc.*, 411 S.C. 249, 259, 768 S.E.2d 389, 395 (2015).

■ The circuit court must deny the motion "when the evidence yields more than one inference or its inference is in doubt." *Id.* "This Court will reverse the trial court only when there is no evidence to support the trial court's ruling." *Id.*

## LAW AND ANALYSIS

■ Singleton argues the trial court erred in directing a verdict that she was negligent as a matter of law under section 56-5-2770(A) of the South Carolina Code in turning left behind a vehicle stopped behind a stopped school bus. We agree.

Section 56-5-2770(A) provides:

The driver of a vehicle meeting or overtaking from either direction a school bus stopped on a highway or private road must stop before reaching the bus where there are in operation on the bus flashing red lights specified in State Department of Education Regulations and Specifications Pertaining to School Buses, and the driver must not proceed until the bus resumes motion or the flashing red lights are no longer actuated.

S.C. Code Ann. § 56-5-2770(A) (2006).

The circuit court granted Cuthbert's motion for directed verdict, finding Singleton was negligent as a matter of law for admittedly turning left behind the vehicle stopped behind a bus with flashing caution lights. Singleton admitted the school bus's flashing red lights were on, the bus was stopped, she came to a stop, and then she proceeded to turn left into the driveway while the bus was still stopped. She assigns error, however, to the circuit court's interpretation of "meeting and overtaking" under section 56-5-2770(A).

Singleton asserts the trial court erred in interpreting the meaning of either the word "meeting" or the word "overtaking" as set forth in section 56-5-2770(A). Singleton asserts she was not "meeting" the bus because she was more than one vehicle behind the bus and she was traveling from behind the bus. Therefore, in order for section 56-5-2770(A) to apply, the court must have determined she was "overtaking" the bus. However, because Singleton stopped and turned before she reached the bus, she did not "overtake" the bus. Singleton asserts the pivotal question is whether turning left behind a vehicle behind a stopped school bus constitutes overtaking a school bus as a matter of law.

■ "The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Hodges*

*v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "The Court will give words their plain and ordinary meaning, and will not resort to a subtle or forced construction that would limit or expand the statute's operation." *Harris v. Anderson Cty. Sheriff's Office*, 381 S.C. 357, 362, 673 S.E.2d 423, 425 (2009). "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581.

Singleton argues there is no ambiguity in the word "overtaking" and asserts the word "overtake" means "catch up with and pass by." She cites *Fisher v. J. H. Sheridan Co.*, 182 S.C. 316, 189 S.E. 356 (1936) in support of her argument. *Fisher* involved an act from 1934, which provided:

[A]ll motor vehicles traveling upon the public highways of this State are required to come to a full and complete stop before *passing* any school bus which has stopped for the purpose of taking on and discharging school children and shall remain stopped until said children are taken on or discharged and until such school bus has moved on.

182 S.C. at 320–21, 189 S.E. at 358 (emphasis added). Our supreme court held the act required an automobile to stop regardless of which way it is traveling, and the word "passing" meant "going by" regardless of whether the automobile and bus are traveling in same direction. *Id.*

Similarly, the common simple definitions of "overtake" include "to move up and past (someone or something that is in front of you) by moving faster" and "to go past another vehicle that is moving more slowly in the same direction." *Overtake Definition*, MERRIAM-WEBSTER.COM, http://merriam-webster. com/dictionary/overtake (last visited February 19, 2016). The first full definition of "overtake" includes the phrases "to catch up with" and "to catch up with and pass by." *See e.g., Hughes v. W. Carolina Reg'l Sewer Auth.*, 386 S.C. 641, 648, 689 S.E.2d 638, 643 (Ct. App. 2009) (considering common definitions and their uses within the rules of statutory construction).

In the court's charge to the jury, the court stated:

I ruled that [Singleton] violated that statute . . . because she was in close proximity to the bus, under her testimony. If

the bus had stopped and traffic had backed up for two miles, you know, you could turn. It's only when you get close enough that a child might be in danger that you couldn't ... turn.

Singleton argues the court's ruling is not supported by *Fisher* or any other case law because she was not passing, seeking to pass, or catching up to the school bus. The circuit court's own instructions demonstrate it expanded the operation of section 56–5–2770(A) to encompass not only "meeting or overtaking" vehicles, but also those "in close proximity to" a school bus. While this would certainly be reasonable behavior for a driver (and perhaps relevant to the consideration of due care), it is not mandated by the plain language of section 56–5–2770(A). Thus, to the extent this statute is even applicable to the current situation, whether Singleton was negligent is a factual issue that should have been determined by the jury.

## CONCLUSION

Because Singleton was neither "meeting or overtaking" a stopped school bus at the time of this accident, the circuit court erred in directing a verdict that she was negligent as a matter of law under section 56–5–2770(A). Accordingly, we reverse the circuit court's ruling and remand the matter for a new trial.

**REVERSED AND REMANDED.**

LOCKEMY, C.J., concurs.

SHORT, J.:

I respectfully dissent. I find the language of the statute to be unambiguous in that the driver of a vehicle meeting or overtaking from either direction a school bus stopped on a highway or private road must stop before reaching the bus where there are in operation on the bus flashing red lights and the driver must not proceed until the bus resumes motion or the flashing red lights are no longer actuated. Singleton's testimony was that when she approached the school bus from behind, the bus' flashing red lights were activated and the bus was stopped. She came to a stop behind the school bus, but she turned left while the bus was still stopped. By her own

testimony and the clear language of the statute, I find she was in violation and the evidence supports the trial court's ruling.